FOX RIVER VALLEY RAILROAD CO., Plaintiff in Error,

*vs.*

EMANUEL SHOYER, Defendant in Error.

ERROR TO MILWAUKEE COUNTY COURT.

Under the provisions of the code, it is error to refuse the party leave to amend his pleading, and to non-suit the plaintiff, on the ground of variance between the complaint and the proofs.

If the court is satisfied that the defendant has been misled by the complainant, it is the duty of the judge to allow an amendment upon such terms as shall be just.

If the court is not satisfied that the defendant has been misled by the variance, the judge should allow the evidence to go the jury without any amendment, or should allow the plaintiff to amend his complaint immediately without costs.

But in case of variance, whether it is shown that the defendant has been misled by the variance, or not, it is error to refuse to allow an amendment on any terms, and to non-suit the plaintiff.

§§ 74, 77 and 78 of the code considered and applied.

This was an action brought by the plaintiff against the defendant, to recover the amount of his subscription to the capital stock of said company.

On the trial, plaintiff offered to read in evidence the stock subscription mentioned in the complaint, where the defendant's name appeared as a subscriber to ten shares of the capital stock of said company, preceded by a printed heading or agreement in the words and figures following :

" We, the undersigned, do hereby subscribe to the capital stock of the Fox River Valley Railroad Company, the number of shares of stock set opposite to our respective names, and agree to pay therefor, to the treasurer, or to such other agent of said company as the board of directors thereof may direct.

the sum of one hundred dollars for each and every share of said stock subscribed by us individually, to be paid in the following form, to wit: five per cent. to be paid at the time of subscribing, or any time thereafter, on demand made by an authorized agent of said company, and the remainder to be paid in installments of five dollars on each share of stock hereby subscribed by us respectively, at such times as the board of directors of said company may from time to time direct: provided that not more than forty per cent., including the amount paid at the time of subscribing, shall be called for prior to the first day of January. A. D. 1857, and not more than seventy per cent., including previous payments, prior to the first day of January, A. D. 1858. The balance then remaining unpaid on such shares of stock, to be paid in the year 1858, at such times as the board of directors may order. It is further understood, that the amount paid upon the stock hereby subscribed shall be entitled to interest at the rate of ten per cent. per annum from said company, from the time of such payment until at least twelve miles of the road of said company shall have been completed and in operation."

The signature of the defendant was admitted, but the reading of the said agreement and subscription in evidence was objected to by the defendant's counsel, on the ground of variance, and because it was not the whole of the subscription contract—there appearing on the book and on the first page of the leaf next preceding that containing the said printed heading and subscription, the following:

## FOX RIVER VALLEY RAILROAD COMPANY.

### STOCK SUBSCRIPTION.

It is understood and agreed by and between the Fox River Valley Railroad Company, and the subscribers to the capital stock, whose names are upon the following pages, that the

amounts due upon such stock and liable to be called for by
the terms of subscription, is not to be considered due or liable
to be called for, until the same shall be necessary for the con-
struction of or the procuring of the right of way, on that por-
tion of the line of road of said company, extending from the vil-
lage of Rochester to the city of Milwaukee; and also not until
a sufficient amount of stock has been subscribed or other
means obtained, to warrant, in the judgment of the board of
directors of such company, the commencement of the construc-
tion of that portion of line above named; and that all sums
received from said subscribers shall be applied to the con-
struction of that part of said road.

MILWAUKEE, Feb. 12, 1856.

PHILO BELDEN,
*Pres. F. R. V. R. R. Co.*

The words "Fox River Valley Railroad Company—Stock
Subscription," being printed, and the balance of said last men-
tioned stipulation or agreement being written—said Belden
having previously testified that he, on the 12th day of Febru-
ary, 1856, was President of said company, and as such Presi-
dent executed that part of the subscription contract preceding
the printed portion offered in evidence by the plaintiff. It was
contended by defendant's counsel that this stipulation formed
part of the contract sued upon, and that inasmuch as it was
not set forth with proper averment in the complaint, it was a
fatal variance.

After various other objections, and further evidence had
been given, and considered the subscription and written stipu-
lation were read in evidence, and after evidence had been
given tending to establish the case for the plaintiff, and he had
closed his case, the defendant moved for judgment as in case of
non-suit, on account of the aforesaid variance between the
complaint and proof. There were many other points raised
and discussed by counsel, but none of them were considered

(except that of variance) by this court, and they are therefore omitted here.

On the motion for non-suit, in relation to the point of variance, the court below ruled that the said written stipulation and the said printed heading or agreement; constituted but one entire indivisible agreement; and that inasmuch as the plaintiff had set forth but a part thereof in the complaint, there was a material and fatal variance,—the contract proved being different in its entire scope and meaning from that declared on, and that there could be no recovery in this action under the pleadings and proof. To which said ruling and decision the said plaintiff excepted.

And the plaintiff thereupon reserving the benefit of said exception, renewed the motion to amend the complaint, by setting forth the said written stipulation, (as he had before done) with proper averments, which was denied by the court, and to which the plaintiff excepted.

Whereupon the said court granted the said motion of defendant and ordered a judgment of non-suit, to which the plaintiff then excepted. Judgment for costs was entered, to reverse which this writ of error is sued out.

*Emmons & Vandyke*, for the plaintiff in error, contended that the court below erred in sustaining the motion for non-suit upon the ground of variance alleged, and in refusing the plaintiff's motion to amend without any evidence as to whether the defendant had been misled, or would be taken by surprise if the amendment were allowed.

1. There was in fact no necessity for amendment. The pleadings were perfectly congruous, even construing the two documents together as one entire indivisible contract. The answer of the defendant setting forth the stipulation showed that he was not misled or surprised, and if available as a defence, it only imposed upon the plaintiff the necessity of show-

ing the happening of the condition it contained; and this was offered to be done.

But upon any construction at most it only amounts to a variance between the complaint and proof; and the error of the court consists in holding this a fatal variance, and in refusing leave to amend. The *code* has abolished the whole doctrine of *fatal variances*. No such thing is now known in pleading and evidence. A variance between pleading and proof may indeed happen : but different from the common law rule; the code—section 77—provides that it shall be utterly disregarded "*unless it shall actually mislead the adverse party to his prejudice in maintaining his action or defence upon the merits.*" And when he has been misled, and "that fact shall be *proved* to the satisfaction of the court, and wherein he has been misled," it becomes the *duty* of the court to order an amendment upon such terms as may be just. The duty to allow the amendment is imperative; but *no amendment* is *ever* necessary, until the adverse party has proven to the satisfaction of the court that he has been mislead. This must be done by witnesses or by affidavits. In the absence of such proof the amendment shall not—in the language of the act, section 77—be deemed material. The language of the act is plain and palpable: to this point we refer to *Egert vs. Nicken*, 10 How. Pr. Rep. 196; id. 320, 321; *Bates vs. Graham*, 1 Kern, 237; *Harmony vs. Bingham*, 1 Duer 210; *Letman vs. Ritz*, 3 Sandf. 734; *Foot vs. Gooding*, 3 Barb. S. C. R. 371.

*J. Downer, and Brown & Ogden*, for the defendant in error.

The subscription contract set forth in the complaint, and the stipulation or agreement set forth in the answer, as appears by the answer and proof, were in fact but parts of one entire agreement—both parts made at the same time, be-

fore any persons subscribed and before the time it is alleged in the complaint that the defendant subscribed. That portion of the agreement set out in the answer but not in the complaint, contains both conditions precedent and subsequent, to wit: 1. "That the amounts due upon the stock and liable to be called for by the terms of subscription, are not to be considered due or liable to be called for until the same shall be necessary for the construction of, or the procuring of the right of way, on that portion of the line of road of said company extending from the village of Rochester to the city of Milwaukee." 2. "And not until a sufficient amount of stock has been subscribed or other means obtained to warrant in the judgment of the Board of Directors of such company the commencement of the construction of that portion of line above named." 3. "That all means received from said subscribers shall be applied to the construction of that part of said road." The two first are conditions precedent, and according to all the rules of pleading should have been set forth in the complaint with averments to the effect that the conditions precedent had been performed. This not being done, the contract proved and the contract declared on are different in their entire scope and meaning. It was not a case of variance within the 77th section of the code, but a failure of proof such as is described in the 79th section. The Court below was therefore right in not permitting an amendment at the trial, and in ordering a nonsuit.

*By the Court*, WHITON, C. J. Presuming that the judge before whom the cause was tried was right in deciding that there was a material variance between the complaint and the testimony offered by the plaintiff, we are of opinion that the court should have allowed the plaintiff's motion to amend the complaint in such a manner as to render the testimony

admissible. The code (§ 77) provides that "no variance between the allegation in a pleading and the proof shall be deemed material, unless it shall actually mislead the adverse party, to his prejudice in maintaining his action or defence upon its merits. Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court and in what respect he has been mislead; and thereupon the court may order the pleading to be amended, upon such terms as may be just." Section 78 of the code provides that, "where the variance is not material, *as provided in the last section,* the court may direct the fact to be found in accordance with the evidence; or may order an immediate amendment without costs." These sections of the code contain ample provisions for cases of this kind. If the court was satisfied, that the defendant had been misled by the complainant; it was the duty of the judge to allow the plaintiff to amend the complaint upon such terms as were just.— If the court was not so satisfied, the judge should have permitted the testimony to go to the jury without any amendment of the complaint, or should have allowed the plaintiff to amend his complaint immediately without costs. We cannot tell what the proof was, which the defendant offered, to show that he had been misled, and cannot therefore decide whether the judge should have proceeded under the 77th or 78th sections, but it seems clear that the judge by refusing to allow the plaintiff to amend on any terms, and ordering a judgment of non-suit, committed an error. As the decision of the court below appears to have been based entirely upon the variance between the complaint and the testimony, we refrain from expressing an opinion upon the other questions discussed by counsel at the argument.

Judgment reversed and new trial ordered.