WIRAM KNOWLTON, Respondent,

*vs.*

JOSEPH BOWRON, Appellant.

APPEAL FROM ST. CROIX CIRCUIT COURT.

Under the code, no variance between the allegations and the proofs shall be deemed material, unless it actually misleads the adverse party to his prejudice.

Action for foreclosure of a mortgage brought by the respondent against the appellant and others.

The complaint, among other things, alleged that the defendant, Bowron, on the 2d day of October, 1852, executed and delivered to Jas. H. Knowlton and the plaintiff, two sealed notes of that date, one for the payment of $1,000 at 12 per cent. payable on or before July 1, 1853, and the other for $500 at 12 per cent., payable on or before the 1st of January, 1854, both payable to James H. and Wiram Knowlton or order. That to secure the payment of said notes, and the performance of the condition of a certain bond of the same date, on the 2d day of October, 1852, executed a mortgage on certain real estate therein described, which was duly witnessed, acknowledged and recorded; that the interest of James H. Knowlton was duly assigned to the plaintiff; that the sum of $2,416 is due on said notes for principal and interest, &c.

Joseph Bowron answered, admitting the notes and mortgage as set forth in the complaint. Reymert, another defendant, answered, setting up a claim upon the premises, not necessary to be stated.

On the hearing, the plaintiff read in evidence the notes aforesaid, bearing date October 2, 1852, and offered to read

the mortgage, which was in the usual printed form, with the usual blanks to be filled up—the commencement of which was as follows :

" This indenture made the second day of October, in the year of our Lord one thousand eight hundred and fifty ——, between Joseph Bowron of the county of St. Croix, and State of Wisconsin, of the first part, and James H. Knowlton of the county of La Fayette, and Wiram Knowlton of the county of Crawford, and State of Wisconsin, of the second part, &c."

In all respects, except that in the blank in the printed form the word " two" was omitted after the word " fifty," the mortgage precisely conformed to the description thereof in the complaint, and to the bond and notes mentioned therein. The reading of the mortgage was objected to, on the ground of variance, but the objection was overruled, and exception taken.

The court rendered a judgment for the amount due upon the notes, and of foreclosure and sale, &c. The defendant, Bowron, appealed.

*Dawson & Clapp*, for the Appellant.

*J. H. Knowlton*, for the Respondent.

*By the Court*, COLE, J. The only question we deem it necessary to consider in this case is, whether there was such a variance between the mortgage introduced in evidence, and the one described in the complaint as to warrant the circuit court in rejecting it upon that ground.

The respondent alleges in his complaint that on or about the 2d day of October, 1852, the appellant executed and delivered to James H. Knowlton and Wiram Knowlton two sealed notes, one for $1,000 and another for $500, payable in one

and two years from date, with 12 per cent. interest ; and also gave a bond, conditioned as therein set forth, and that to secure the payment of the two notes therein described, and the performance of the condition of the bond, the appellant, upon the same day on which the notes and bond were given, executed the mortgage which was sought to be foreclosed, and that the mortgage was acknowledged on the 2d day of October, 1852, and recorded on the 16th of the same month.

The notes introduced in the evidence were sealed and bore date as described in the complaint, and it appeared the bond was dated as alleged. The mortgage introduced in evidence, described the notes as to the amounts, and as being sealed, and refers to the bond and amount of penalty correctly. The mortgage was also acknowledged and recorded as described in the complaint. At the top, the mortgage reads " eighteen hundred and fifty," with a blank. The circuit court found, as a matter of fact, from the proofs in the cause, that the mortgage was executed in October, 1852, and we think this finding was supported by the evidence. It must be apparent that the word " two" was left out at the top of the mortgage, and this variance was immaterial, and properly disregarded.

Section 77 of the code provides that no variance between the allegation and the proof shall be deemed material, unless it actually mislead the adverse party to his prejudice in maintaining his action or defence upon its merits. We do not discover that the appellant claimed in the circuit court, that he had been misled by this variance, and we presume he was not. The code has greatly mitigated the consequences of a variance between the pleadings and proofs, and its provisions, in this respect, are wise and salutary.

We think the variance was immaterial, and that it could not have surprised the appellant, or in any way misled him.

The judgment of the circuit court is affirmed with costs.