## SCHIEFFELIN et al. *vs.* WHIPPLE.

### APPEAL FROM CIRCUIT COURT, PIERCE COUNTY.

Heard July 28, 1859.]                    [Decided December 14, 1859.

*Declaration—Evidence—Amendment.*

Where the cause of action arose upon a promissory note, and the declaration was in common money counts alone, without a copy of the note, then the note could not be read in evidence.

A plaintiff may amend his pleadings on terms so as to allow the note on which the action is founded to be read in evidence, if he would otherwise loose his right of action, by reason of the statute of limitation; and this, though the court had ordered a nonsuit, for want of evidence, but judgment had not yet been actually entered thereon.

The case of *Shoyer vs. Fox River Railroad Co.,* 7 Wis., 365, considered and approved.

This was an action commenced by declaration, containing only the money counts. The action was founded upon a promissory note for $367,61, dated September 2, 1850, and payable in six months from date. No copy of the note was given, nor was there any special count upon it. The declaration was served February 28, 1857, and the plea of the general issue interposed. The trial took place on the 25th November, 1857, before the court, without a jury, when the plaintiff offered to read the note in evidence, and it being objected to, was ruled out by the court and excepted to.

The court then asked the counsel for the plaintiffs if he had any further evidence to introduce, and he replied that unless he was allowed to introduce the note, he supposed the suit would have to go down. The court then directed a nonsuit to be entered, whereupon the plaintiffs moved the court for leave to amend their declaration upon such terms as the court might see fit to impose, so that the paper writing might be introduced and admitted in evidence. And the plaintiffs, by their counsel, in support of such motion, urged as a ground, and offered to show that the demand and cause of action of the plaintiffs, and which was evidenced by said paper writing, accrued on the 5th day of March, 1851, as appeared upon

Schieffelin vs. Whipple.

the face of said paper, and that the said demand and cause of action, was and would be barred by the statute of limitation, unless the paper could be introduced and admitted in evidence on the trial of this action.

The counsel for the defendant insisted that the court had no right to do so—it would take the defendant by surprise, being wholly unprepared to show that the note was paid, which counsel contended was a fact. And that if it was a matter of discretion, it would be an unwarrantable exercise of such discretion; and the court thereupon gave its opin ion and decided that the ground urged by the plaintiffs in support of such motion was insufficient, and refused to allow the amendment, or any amendment of the declaration, and denied the motion of the plaintiffs, and stated that the nonsuit must stand, to which opinion and decision of the court the plaintiffs excepted.

The plaintiffs to maintain and prove the issue aforesaid on their part, offered to prove, by a competent witness produced for that purpose, an indebtedness of the defendant to the plaintiffs, as alleged in the counts contained in the declaration.

The counsel for the defendant objected, on the ground that a nonsuit had been entered. And the court did, thereupon give its opinion and decide that it was too late, a nonsuit having been directed to be entered, and excluded the testimony, and refused to receive or admit any testimony, that might be adduced, to which the plaintiffs excepted.

A judgment of nonsuit was, by the direction of the court entered, from which this appeal is brought to this court.

*Dawson & Clapp*, for the appellants.

*Wetherby & Humphrey*, for the respondent.

*By the Court*, PAINE J.  Conceding in this case that the court below was right in rejecting the note offered in evidence, under a declaration containing the common counts only, yet we think it erred in refusing to allow the plaintiff to amend upon terms. In disposing of this motion no stress was placed upon the fact that the court had already

directed a nonsuit. That was done after the plaintiffs' counsel, in answer to a question whether he had further evidence, had said, " if the note was not admitted, he supposed the suit must go down." But immediately, and before any judgment was entered, on discovering that if driven to a new suit, his note would be barred by the statute of limitations, he moved for leave to amend upon terms. The court very properly still entertained the motion, and considered it upon its merits; but erred in overruling it. The power of amendment is frequently and justly exercised in such cases. And the fact that if driven to a new action, the party's claim will be barred, is of controlling influence in favor of its exercise. This court has already decided that amendments should be allowed in such cases, in the case of *Shoyer vs. Fox River Railroad Co.,* 7 Wis. 365. Of course it should have been, upon just terms, including a continuance, if the defendants were not prepared for trial.

The judgment is reversed with costs, and the cause remanded for further proceedings.