# JOHN J. WORDEN

## v.

## JAMES H. SHARP.

STATUTE OF FRAUDS — *verbal contract for sale of land.* Where a verbal contract for the sale of land has been executed on one side, by the purchaser receiving a deed for the premises, the statute of frauds has no application and the vendor may recover for the unpaid purchase money.

APPEAL from the Circuit Court of Warren county; the Hon ARTHUR A. SMITH, Judge, presiding.

This was a suit brought by Sharp against Worden, to recover the balance of the purchase money due the plaintiff on a sale by him of a tract of land, to the defendant.

It appears that Sharp, by verbal contract, sold to Worden thirteen and a half acres of land, a tract of eight and a half acres and one of five acres.   At the time of the sale Sharp did not have the legal title to either parcel, but procured conveyances to be made to Worden, which he accepted.   The five acre tract Sharp had previously purchased from one Crane, by verbal contract, and after the sale by Sharp to Worden, by agreement

of the parties, Crane conveyed to Worden, the latter paying him $50.

On the trial below, the plaintiff recovered a judgment, from which the defendant appealed. The defense was, that the contract being verbal, it was within the statute of frauds and could not be enforced by either party.

Messrs. Stewart & Phelps, for the appellant.

Messrs. Kidder & Norcross, for the appellee.

Per Curiam : This was an action, originally brought before a justice of the peace, in which the plaintiff recovered judgment, and, on appeal to the circuit court, he recovered judgment a second time. There is no ground for reversing it. The statute of frauds has no application. The contract was executed, on one side, by the defendant's receipt of a conveyance for the five acres from Crane. Crane gave him this deed, as he himself testifies, under the contract between Crane and Sharp, and Sharp and the defendant, and the jury did rightly in finding a verdict for Sharp against defendant, for the contract price of the land, less the $50 paid by the defendant to Crane.

*Judgment affirmed.*