STEPHEN REMINGTON et al., Appellants, *v.* OLIVER H. PALMER, Respondent.

A promise made by a vendor, at the time of the delivery by him of a deed of real estate contracted to be sold, that if the vendee will accept and pay the purchase-money he will pay an assessment upon the premises when due, is valid and binding, and an action can be maintained thereon.

Such an agreement is not merged in the deed, nor is it affected by the statute of frauds.

Plaintiffs having contracted to purchase certain real estate of defendant declined to accept the deed or pay the purchase-money, unless the amount of an assessment upon the premises should be deducted. Defendant authorized his agent employed to perfect the sale to pay said assessment in his discretion. The agent declined to deduct the assessment from the purchase-money on the ground that it was not then due, but promised that defendant would pay it when due. In an action to recover the amount of the assessment, *held*, that the authority of the agent was not restricted to a present payment, but empowered him to make provision for it, and that defendant was bound by the agreement. *Remington* v. *Palmer* (1 Hun, 619) reversed.

(Argued April 23, 1875; decided April 30, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, in favor of defendant, entered upon an order denying a motion for a new trial and directing judgment on a nonsuit. (Reported below, 1 Hun, 619.)

This action was brought to recover the amount of an assessment for street improvements upon premises deeded by defendant to plaintiffs.

The evidence of plaintiffs tended to show that defendant contracted to sell to plaintiffs certain premises in the city of Rochester for $20,000, $5,000 down, the balance in installments. Defendant executed and sent to one Harris, his agent in Rochester, a quit-claim deed, without covenants, he writing that he declined to give a warranty deed; that the parties could satisfy themselves as to title and take the property or not as they preferred. Plaintiffs, before acceptance

of the deed, discovered that there was an assessment upon the premises of $280 for a street improvement. They informed Mr. Harris of that fact and offered to pay the $5,000, less the assessment. Harris said he knew nothing of this but would telegraph plaintiff. This he did, asking if he should pay the assessment. Plaintiff replied as follows:

"Do not want to pay it, but if it is an incumbrance like a judgment suppose I should; will abide your decision. If I had thought of it should have required Garling to assume it; do not want to take advantage of any thing not fairly defensible." Plaintiffs' testimony as to what occurred upon receipt of this dispatch was as follows:

"Mr. Harris declined to pay it saying it wasn't due; that we had better pay him the $5,000 and let Mr. Palmer pay the tax when it fell due in March. With that understanding we paid it."

"We told Mr. Harris, with the understanding that Palmer would pay the tax when it became due, we would pay the $5,000. Mr. Harris assented to it; he said that would be all right." Thereupon the $5,000 was paid and a mortgage executed and delivered for the balance of the purchase-money.

The other plaintiff testified that Mr. Harris promised that the assessment was not then due and would be paid by defendant in time, and on these conditions the money was paid and the deed accepted. Mr. Harris denied the agreement. At the close of the evidence defendant's counsel moved for a nonsuit, which was granted, and plaintiffs' counsel duly excepted.

*J. C. Cochrane* for the appellants. Defendant having received the fruits of the bargain made by the attorney, is bound by his contract. (*Leslie* v. *Wiley*, 47 N. Y., 648; *Hathaway* v. *Johnson*, 55 id., 93.) There could be no merger of the agreement in the deed as the agreement, in regard to the consideration, was made after the execution thereof. (*Rundell* v. *Lakey*, 40 N. Y., 513; *Murdock* v. *Gilchrist*, 53 id., 242; *Rector, etc.,* v. *Higgins*, 48 id., 532;

*Bingham* v. *Weiderwax*, 1 id., 509; *Murray* v. *Smith*, 1 Duer, 412.)

*W. F. Cogswell* for the respondent. The agreement being partially in writing and partially by parol was inoperative. (*Wright* v. *Weeks*, 25 N. Y., 153.)

Miller, J. The defendant's agent, Harris, had ample authority to enter into a contract with the plaintiffs for the payment of the assessment upon the real estate sold and conveyed by the defendant to them. According to the telegram sent by the defendant to Harris, the defendant agreed to abide by Harris' decision, as to the payment of the tax, and this agreement vested Harris with full power to pay by deducting the amount from the purchase-money when it was paid, or by making arrangements for its payment when it became due. The authority was not restricted to a present payment, but quite sufficient to authorize a payment at a future day, which would seem to be more consonant with the fact that it was not due at the time. The plaintiffs' evidence shows that the consideration money was paid by them with the express understanding that the defendant would pay the tax when it became due. Upon this condition the contract was executed, and the agreement of Harris can, in no sense, be construed as a refusal to pay the tax. When he took the money and delivered the deed he bound the defendant effectually to pay it when it became due, and the defendant cannot escape the liability.

It is said that all agreements preceding the delivery of the deed were merged in the same. This position is not a sound one, for while all prior agreements may be merged in the deed when executed, it by no means follows, that before the contract is fulfilled by a delivery and acceptance of the deed, that conditions may not be made which are obligatory upon the parties. The deed being ready for delivery, and the plaintiffs ready to pay the money, they had a perfect right to exact, as a condition of fulfilling the contract, that the defend-

ant should pay the assessment when it became due. This is not contradicting a written agreement by parol, but evidence of the terms upon which the money was paid and the conveyance delivered. As the agreement in regard to the consideration was made after the deed was executed and before delivery, there could be no merger of this agreement in the deed. (*Murdock* v. *Gilchrist*, 52 N. Y., 242.)

It is urged that this agreement by Harris was void within the statute of frauds, because it related to lands and was not in writing. The agreement was executed and carried into effect by the payment of the money, and hence the defendant became liable to pay the assessment. He had reaped the benefit of the contract, and he cannot thus claim that he is not bound to pay what he agreed to pay because the agreement was not in writing. The statute of frauds has no application to an executed agreement, and is no defence in an action brought to recover the money which the party is bound by the contract to pay. Nor can it be said, I think, that the agreement was partially in writing and partially by parol, and therefore it is inoperative. This is no doubt the true rule in cases where there is a contract which, by the statute of frauds, is required to be in writing. (*Wright* v. *Weeks*, 25 N. Y., 153.) But where there is no written contract, and, as in this case, where a deed was delivered and the money paid under an agreement to pay an assessment when due, neither the rule referred to nor the statute of frauds has any application.

As there was evidence upon which the jury might have found a valid agreement to pay the assessment when due, the court erred in nonsuiting the plaintiffs, and the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur; except CHURCH, Ch. J., not voting.

Judgment reversed.