## ENGEL vs. HARDT.

*December 12, 1882 — January 9, 1883.*

*Pleading.*

A complaint alleging that the defendant is indebted to the plaintiff for labor and services *in procuring a loan*, is *held* to be sufficiently specific to entitle the plaintiff to recover thereon for his services in procuring the *money ready to be loaned* to the defendant upon the terms agreed upon between the parties, where the completion of the loan was prevented by the negligence of the defendant. If the allegations of the complaint were not strictly applicable to that state of facts, an amendment should have been allowed without terms.

APPEAL from the Circuit Court for *Washington* County. The case is thus stated by Mr. Justice TAYLOR:

"This action was commenced in justice's court. The complaint was as follows: ' The complaint of the plaintiff in the above-entitled action shows that the defendant is now, and was before the commencement of this action, justly indebted to the plaintiff in the sum of $45 for work, labor, and services performed by this plaintiff for said defendant at his request in procuring for said defendant a loan of $1,500 on his farm in the town of Jackson, Washington county, Wisconsin; that no part of said sum has been paid, but that the said defendant is still indebted to this plaintiff in the sum of $45. The plaintiff further shows that said defendant procured and agreed to pay for said services to the plaintiff a reasonable and customary sum of money for procuring said

loan as aforesaid; that the sum of $45 is a reasonable and customary sum of money for the services performed as aforesaid. Wherefore the plaintiff demands judgment,' etc. The defendant answered, admitting that the said plaintiff agreed to procure a loan of $1,500 for the defendant, and alleging 'that said plaintiff wholly failed and neglected to procure said loan for him, and entirely failed and refused to perform such agreement on his part at the time or in the manner agreed upon by him, said plaintiff, or at any time or manner thereafter, up to the commencement of this action.'

" The case was tried by a jury in the circuit court. The plaintiff's evidence tended very strongly to show that after some negotiation in the matter the defendant came to the office of the plaintiff in the city of Milwaukee on one Saturday; that plaintiff did not then have any one engaged to loan the money to the defendant, or if he had made any engagement, the person who was to furnish the money was not then present; that he then drew a mortgage upon the defendant's farm, which was executed by defendant and wife with the name of the mortgagee not inserted; that the mortgage was retained by the defendant, and it was then agreed between the parties that the defendant should come to the office of the plaintiff on the then next Thursday, and at two o'clock in the afternoon of such Thursday the plaintiff would have the money on hand for the defendant. The plaintiff testified that he made an agreement with a man named Meyers to let the defendant have the $1,500 on his mortgage as agreed, and that Meyers was at his office on said Thursday with the money, ready to be delivered to the defendant upon his delivering the mortgage on his farm; that Meyers was ready with said money all Thursday until the evening, and that the defendant failed to come as he agreed to receive the same and give the mortgage, and that on the evening of such day Meyers loaned $800 of his money to another party; that on Friday the defendant came in, but the plaintiff could not

then get the money for the defendant because Meyers, who had agreed to make the loan, had not a sufficient amount of money left after loaning the $800 the evening before.

" The testimony on the part of the defendant tended to prove that the plaintiff had requested the defendant to come in on the Saturday when he came before the appointed Thursday, and that he would then let him have the money, and that in pursuance of such notice the defendant came in on Saturday and stayed over till Monday, but plaintiff was not then able to let him have the money, but told him if he came in again on Thursday he would let him have it. Defendant agrees that the mortgage was made out and executed on Monday, and that he took it home with him, and he says that when he went home on Monday plaintiff told him ' to come back on Thursday, and the man would be there with the money. He would have the man with the money, and that was the understanding when I went away, that I should be there on Thursday and bring the mortgage back when I came.' He also testified that he did not come in on Thursday, but did on Friday, and then plaintiff told him that the man had been there on Thursday, but had gone again. He told *Engel* the reason he did not come on Thursday was because he had no time, and *Engel* said he would get the money for him yet if he could, and if he could get it he would write, but he never wrote to him afterwards about it.

" Plaintiff denied that he had notified the defendant that he had the money for him, and to come in and get it on Saturday. He says he notified the defendant to come in on Saturday and he would then let him know when he could get the money; and as to promising to get the money afterwards, he testified that he told the defendant that Meyers had said to him that he had only $700 left, but if he could raise the other $800 he would let plaintiff know so he could give it to the defendant. ' That is what I told defendant. I told him I had $700, and if my client could get the other $800 he

Engel vs. Hardt.

would let me know, and then I would let defendant know. I would rather complete the loan than not. My client never notified me that he had got the balance, and consequently I did not notify the defendant. I in fact saw my client since, and he told me he had not got the money.'

" Upon this evidence the court directed a verdict for the defendant. Before the verdict was taken, the plaintiff asked leave to amend the complaint by striking out the word 'procuring,' and inserting in its place the word 'negotiating.' The court refused to allow the amendment, except upon the condition that if the defendant made an affidavit that he was not prepared to go to trial under the amendment, he would order a continuance at the plaintiff's costs. The plaintiff declined to take the amendment upon these conditions, and the court thereupon refused the amendment and directed a verdict for the defendant. The plaintiff duly excepted, and appealed from the judgment entered on the verdict."

The cause was submitted for the appellant on the brief of *Frisby & Weil*, and for the respondent on that of *O'Meara & Miller*.

TAYLOR, J.   We think the court erred in directing a verdict for the defendant. Such direction was made undoubtedly upon the theory that the evidence did not sustain the allegations of the complaint. The complaint was treated as an action to recover for services performed in actually making a loan of $1,500 for the defendant upon the security of a mortgage upon his farm; and because the evidence failed to show that any loan was in fact made, the complaint was wholly unproved. We think this was too strict a construction of the complaint. The evidence had all been admitted without objection on both sides, and the whole merits of the case were before the court and jury, and the plaintiff should not then have been turned out of court upon a mere technicality arising upon pleadings originally filed in a justice's court. If

it were necessary to amend the complaint to conform to the evidence, it should have been admitted without imposing any terms. It is very clear there could have been no surprise on the part of the defendants as to the nature of the plaintiff's claim. There never was a pretense on the part of the plaintiff that he had in fact actually procured a loan for the defendant, and this the defendant knew as well before the evidence was in as afterwards. If he came to trial prepared for anything, he came prepared to meet just such a claim as the plaintiff's evidence tended to establish; and there was no justice in imposing terms for making an amendment to the plaintiff's complaint, which would more clearly indicate the exact nature of the plaintiff's claim. *Forbes v. School District*, 10 Wis., 117; *Meshke v. Van Doren*, 16 Wis., 319; *Bonner v. Insurance Co.*, 13 Wis., 677; *Fisk v. Tunk*, 12 Wis., 276; *Fox River Valley R. R. Co. v. Shoyer*, 7 Wis., 365; *Knowlton v. Bowron*, 7 Wis., 500.

In the case of *Bonner v. Insurance Co.*, *supra*, Chief Justice DIXON says: "The appellants were bound to take notice that the court possesses the power to amend, and that it would in a proper case exercise it liberally in furtherance of justice, and to prevent unnecessary delay and expense. It was for them to govern their action accordingly, and to prepare for their defense, when good faith and fairness to the opposite party would require them to do so. A fair interpretation and proper observance of the provisions of the statute demand this, and exclude the idea that either party may repose upon technicalities for the purpose of defeating or delaying the action or defense of the other." These remarks apply with the same force to the case at bar as to the case then under consideration. The defendant cannot, with any show of fairness, claim that he supposed the plaintiff made a claim against him for having in fact procured a loan of $1,500 for him. He knew such was not the fact, and he also knew that the plaintiff did not claim to have done so.

He knew that the plaintiff's claim was for services in endeavoring to get a loan for him, and which he failed to procure for him because, as plaintiff alleged, of his failure to attend and give the security at the time fixed for doing so. That was the case presented by the plaintiff's evidence, and the defendant undertook to meet that claim by his evidence, and when the evidence was all before the court it should have been disposed of on its merits, and not upon a technicality which could not have misled any one. Whether upon the proofs the plaintiff was entitled to recover, was a question for the jury and not for the court. If the plaintiff had in fact procured a man willing to loan the money to the defendant, and had the money ready to make the loan on his security, and upon the terms agreed upon between the defendant and the plaintiff, and the loan failed because the defendant did not attend to give the mortgage and receive the money on the day fixed by the parties for that purpose, the plaintiff would certainly be entitled to receive what his services were reasonably worth for the work done, unless he waived his claim for such services by continuing the agreement to procure such loan for the defendant, notwithstanding his failure to attend at the time fixed.

The other point raised by the learned counsel for the respondent as a reason for sustaining the judgment, viz., that it might be inferred from the evidence that the time fixed for the defendant's appearance to deliver the security and receive the money was suggested as a convenient time, and not as an essential part of the agreement, upon the nonfulfilment of which on the part of the defendant the plaintiff was to be released from all further efforts to procure the loan for him and he be entitled to receive compensation for his services if on that day he had the money ready for the defendant and he did not appear to receive the same,— was also a question for the jury and not for the court on the evidence. We think the complaint was sufficiently specific to

entitle the plaintiff to sustain his claim to compensation for labor and services in procuring the money, ready to be loaned to the defendant, upon the security and terms agreed upon between the plaintiff and defendant, without showing that the loan was in fact completed, if the evidence further shows that it was not completed by reason of the negligence of the defendant in not appearing to receive the same at the time fixed for that purpose. If the allegations of the complaint were not strictly applicable to that state of facts, it was error on the part of the court to refuse to permit the plaintiff to amend his complaint unless he complied with the terms imposed by the learned circuit judge. All the evidence being before the court, the case should have been decided upon its merits, disregarding any technical variance between the allegations of the complaint and the proofs.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.