By the Court.—Truax, J.
In the year 1877, the plaintiff was doing business with one Bonynge, since deceased, under the name and style of Warburton and Bonynge. The plaintiff, at the instance and request of one Heath, rendered certain services for said Heath during the years 1877, 1878, in certain proceedings between said Heath and one Loren Ingersoll and another. It had been agreed between Heath and Isaiah T.Williams and Royal S. Crane that they (said Williams and Crane) should have an interest to the amount of $10,000, in the claims against Ingersoll and another, which were then in the process of litigation.
Prior to the 22d of August, 1878, plaintiff had rendered services of the value of $186.48, which sum the said Crane promised to pay. On that day the said Crane, who was the attorney for the said Heath, also agreed with the plaintiff that he should receive the said sum of money and interest thereon from July 1, 1877, *292 out of any sum of money thereafter obtained from the said Ingersoll; and said Crane as attorney for the said Heath, signed an instrument which purported to give plaintiff a lien upon the said sum to that amount. There is no evidence in the case that Crane was authorized by Heath to make such a contract.
In September, 1878, Heath was Awarded $10,000. Plaintiff’s services were of the value of $900. On the 13th day of February, 1879, the said Williams and Crane assigned to the defendant their interest in the said sum of $10,000, and subsequently and in May, 1884, the defendant received said sum with interest and costs.
In May, 1879, Crane entered into another agreement with plaintiff which is not binding upon the defendant, because prior to the time this agreement was made Crane had assigned all his interest in the claim against the Ingersolls to the defendant, and, therefore, had nothing which he could. assign, or on which he could give an equitable lien to plaintiff.
It was claimed on the trial and on the argument of this appeal, that the defendant took said assignment in trust for various purposes, among which was the payment to plaintiff of said sum of $900, and interest, and that said assignment was made with notice to the defendant of plaintiff’s lien.
The assignment to the defendant is in writing. It mentions the consideration that the defendant was to pay for the assignment, and provides for the distribution in a certain way of the proceeds of the award. The plaintiff’s name was not mentioned in this assignment, nor was there any provision in the assignment that any sum should be paid to him. It is not claimed that at the time of the making of the assignment the defendant personally had notice of any hen that the plaintiff had on the award, but it was alleged that one Loomis was the agent of the defendant in the transaction in which said assignment was made, arid that as such agent, he had notice of the lien. The negotiations relating to the *293 assignment from Williams and Crane to the defendant were conducted entirely by said Loomis. At the time this assignment was made, and as part of the transaction, Crane, one of the assignors, told said Loomis that he, said Loomis, must agree that the plaintiff should be paid first, and thereupon said Loomis wrote on a card a memorandum of the sums to be paid out of the award, and one of the sums mentioned in this memorandum is the sum claimed by the plaintiff herein. It is to be noticed that the assignment was made after the award had been made. This evidence warranted the finding of the trial judge that Loomis was the agent of the defendant in the transaction, but it did not warrant the further finding that the assignment to defendant was made with notice of plaintiff’s lien, for at that time plaintiff had no lien on the thing assigned.
I am of the opinion that the agreement under which the plaintiff is entitled to recover if at all is to be found in the transaction of February 13th. Part of that agreement is in writings signed by the said Williams and Crane. By accepting the assignment the defendant bound himself to pay out of the award certain sums of money, which were specified in the assignment, but as part of the transaction, and as part consideration for the assignment he, through his agent Loomis, agreed to pay to the plaintiff out of the fund the sum of $900, and an action can be maintained against him therefor. Remington v. Palmer, 62 N. Y. 31.
It is well settled in this state, that an agreementeither by parol or writing, to pay a debt out of a designated fund does not of itself give an equitable lien upon the fund or operate as an equitable assignment thereof (Williams v. Ingersoll, 89 N. Y. 509), and for this reason, if for no other, the plaintiff cannot recover under the alleged agreement testified to by him, to the effect that he was to be paid out of the first money that was received out of the award.
If plaintiff had been a party to the instruments through *294 which defendants acquired the award, he would be precluded from contradicting or varying those instruments by parol evidence; but as he was not a party to them, he is not bound bv them, and may show what the real agreement was. Coleman v. The First National Bank, 53 N. Y. 388.
The fact that the alleged trust is not in writing will not defeat the plaintiff’s right of action, for a trust of personalty may be created without writing. Gilman v. McArdle, 99 N. Y 451.
I am of the opinion that defendant took the assignment of the award subject to the trust to pay plaintiff the sum of $900.
Judgment is affirmed with costs.
Sedgwick, Ch. J., concurred.