NILAND, Respondent, vs. MURPHY, Appellant.

*January 8 — January 29, 1889.*

*Statute of frauds: Oral contract for sale of land: Acceptance of deed: Refusal to pay price: Measure of damages: Evidence.*

1. Where a conveyance has been executed and accepted in pursuance of an oral contract for the sale of land, an action may be maintained for a breach of the promise to pay the contract price. The statute of frauds does not apply to such an executed agreement.

2. The measure of damages in such case is the amount promised to be paid, and interest. And though it was not all due presently at the time of the sale, yet the whole amount may be recovered where it is all due before the trial and the grantee has from the outset refused to execute the notes and mortgage which he agreed to give for the deferred payments.

3. Evidence of the value of the land is properly excluded in such a case, the value having been fixed in the deed.

4. Evidence that after receiving a deed the grantee directed a sale of the premises, shows an acceptance of the deed.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover the sum of $6,000, being the purchase price of land conveyed to the defendant pursuant to an oral contract of sale. The defendant purchased the land of the plaintiff's agent, McDermott, at Ashland on March 25, 1887, and under his instructions a deed, together with drafts of notes and a mortgage to be given for deferred payments, was sent to him at Milwaukee on the day of sale, upon the receipt of which he was to forward to McDermott his draft for $1,500, and execute and return the notes and mortgage. The defendant received the deed, notes, and mortgage at Milwaukee on March 29. After the receipt of the deed, and on the same day, he telegraphed to McDermott: "Sell those lots to-day, if possible, at two hundred to two fifty. I go up to-night;" and on the following day he telegraphed: "Could not leave last night. If not al-

ready sold, sell to-day at best you can over cost." On March 31 the defendant went to Ashland and told McDermott that he would not accept the deed, and left it in McDermott's office, though the latter refused to receive it. The court found that the defendant accepted the deed, and that the plaintiff was entitled to recover the purchase price. From a judgment entered accordingly the defendant appeals.

For the appellant there were briefs by *Finches, Lynde & Miller,* attorneys, and *E. P. Smith,* of counsel, and oral argument by *Mr. Smith.* They contended, *inter alia,* that no recovery could be had in this action because it was brought for the breach of an alleged parol contract, absolutely void in not complying with the requirements of sec. 2304, R. S. *Brandeis v. Neustadtl,* 13 Wis. 142; *Popp v. Swanke,* 68 id. 364, 368; *Clarke v. Lincoln L. Co.* 59 Wis. 665; *Hooker v. Knab,* 26 id. 511. It cannot be said that the deed takes the place of and evidences the contract. It contains none of the stipulations, part and parcel of the alleged contract, nothing as to the manner and time of payment, nothing as to the securities to be given. *Thomas v. Sowards,* 25 Wis. 631–6; *Campbell v. Thomas,* 42 id. 441; *Popp v. Swanke,* 68 id. 364. There was no delivery or acceptance of the deed, and therefore defendant had a right to repose upon the statute and repudiate the transaction. *Miller v. Pelletier,* 4 Edw. Ch. 106; *Brandeis v. Neustadtl,* 13 Wis. 158; *Little v. Needham,* 39 Mich. 147; *Cooper v. Jackson,* 4 Wis. 547, 551; *Fonda v. Sage,* 46 Barb. 109. If there had been a delivery and acceptance of the deed, and a consequent transfer of title, there could be no recovery of damages pursuant to the contract, because "it cannot for any purpose be considered as ever having had an existence." *Brandeis v. Neustadtl, supra;* 2 Pomeroy's Eq. Jur. sec. 964. It cannot be said that the contract to pay might rest

in parol and be separated from that to convey — that one was legal and the other illegal,— for the contract to pay would be without consideration if the contract to convey were void. *Little v. Needham*, 39 Mich. 149; *Griswold v. Messenger*, 6 Pick. 517; *Flint v. Sheldon*, 13 Mass. 448. If there had been an oral promise to pay money *presently* in consideration of land sold and conveyed, an action would lie to enforce the same. *Basford v. Pearson*, 9 Allen, 390. But a parol contract containing other terms than for the immediate payment of the entire purchase money, cannot be shown. If the deed had been delivered and accepted the grantor might recover, on proper pleadings, what the land was reasonably worth. But in that case evidence as to the value of the land must be admitted.

For the respondent there was a brief by *Jos. W. Hiner*, attorney, and *Quarles, Spence & Dyer*, of counsel, and oral argument by *T. W. Spence*. To the point that the action could be maintained, they cited *Alger v. Scoville*, 1 Gray, 394; *Trowbridge v. Wetherbee*, 11 Allen, 364; *Bowen v. Bell*, 20 Johns. 338; *Pomeroy v. Winship*, 12 Mass. 514–523; *Brackett v. Evans*, 1 Cush. 79–82; *Linscott v. McIntire*, 15 Me. 203; *Thayer v. Viles*, 23 Vt. 494; *Wolfe v. Hauver*, 1 Gill, 84; *Thomas v. Dickinson*, 12 N. Y. 364; *Michael v. Foil*, 100 N. C. 178; *Holland v. Hoyt*, 14 Mich. 242; *Green v. Batson*, 71 Wis. 57–58. The measure of damages is the stipulated price and interest. 3 Parsons on Cont. (7th ed.), 208–210; *Goodpaster v. Porter*, 11 Iowa, 161; *Shawhan v. Van Nest*, 25 Ohio St. 490; *Van Valkenburg v. Croffut*, 15 Hun, 147; *Thomas v. Dickinson*, 12 N. Y. 364; *Haskell v. Hunter*, 23 Mich. 305; *Chapman v. Ingram*, 30 Wis. 290; *Crawford v. Earl*, 38 Wis. 312; *Taft v. Wildman*, 15 Ohio, 123; *Evans v. C. & R. I. R. Co.* 26 Ill. 189; *Saladin v. Mitchell*, 45 id. 79; *Old Colony R. Corp. v. Evans*, 6 Gray, 34.

Niland vs. Murphy.

Cole, C. J. To our minds the proof is perfectly conclusive that the defendant accepted the deed which was sent to him at Milwaukee pursuant to the understanding at the time of the purchase at Ashland. He requested the agents of the plaintiff to send the deed by mail to him there, when he agreed to remit the $1,500 and execute the notes and mortgage for the deferred payments. The evidence shows that the deed was sent and was accepted. These facts, we think, are proven by the most satisfactory testimony. The court below so found, and no other inference could be made from the admitted facts. The counsel for the defendant insists that the deed was not accepted, but that the purchase was repudiated by his client. This position we deem untenable. It appears that after the deed came to hand the defendant sent the telegrams which were offered in evidence to the McDermotts, directing them to sell the lots. These dispatches are inconsistent with any other theory than that the defendant had fully accepted the deed, and considered the property his own. Otherwise he would not have assumed the right, as he did, to dispose of it. So in this case we must hold that the defendant accepted the deed and became the owner of the lots. The case will be decided upon that assumption.

The suit is brought to recover the consideration agreed to be paid for the real estate. It is objected that the action cannot be maintained, because the contract was for the sale of lands, and, not being in writing, was within the statute of frauds. But when, in pursuance of a verbal contract, a conveyance has been executed and accepted, an action may be maintained for a breach of the promise to pay the contract price. The statute does not apply to such an executed agreement. *Bowen v. Bell*, 20 Johns. 338; *Remington v. Palmer*, 62 N. Y. 31; *Hodges v. Green*, 28 Vt. 358; *King v. Smith*, 33 Vt. 22; *Weld v. Nichols*, 17 Pick. 538; *Page v. Monks*, 5 Gray, 492; *Preble v. Baldwin*, 6 Cush. 550;

*Worden v. Sharp,* 56 Ill. 104; *Wetherbee v. Potter,* 99 Mass. 354. If some of the stipulations in the contract are within the statute and others are not, and those which are within it have been performed, an action lies on the other stipulations, if they are separate. Browne on Stat. of Frauds, §§ 116, 117. The learned counsel for the defendant says that, even if there had been a delivery and acceptance of the deed so as to pass the title, still there could be no recovery of the consideration, because the contract was void. The above authorities, and others to the same effect, which might be cited, shows that this position is unsound. Says Browne, in the sections above cited: " When so much of a contract as would bring it within the statute of frauds has been executed, all the remaining stipulations become valid and enforceable, and the parties to the contract regain all the rights of action they would have had at common law. Thus when, in pursuance of a verbal contract, a conveyance or lease of land is executed or goods are sold and delivered, an action may be maintained for the breach of the promise to pay the price or of any of the other stipulations of the contract: provided, of course, they be not such stipulations as the statute requires to be in writing." There is nothing in the decisions of this court in conflict with this view of the law. In *Brandeis v. Neustadtl,* 13 Wis. 142, there was a parol executory contract for the sale of lands where a part of the purchase money was paid. DIXON, C. J., held that the purchaser, after a demand for the repayment by the seller of the money paid, and after the refusal by him to repay, might maintain an action to recover such money paid. In *Campbell v. Thomas,* 42 Wis. 437, there had been no such complete performance of the verbal agreement to sell as would take the case out of the statute. That case is plainly distinguishable from the one at bar, where there has been an acceptance of the deed by the vendee, and a parol agreement for the sale has

Niland vs. Murphy.

been fully executed. "The statute of frauds has no application to an executed agreement, and is no defense in an action brought to recover the money which the party is bound by the contract to pay." *Remington v. Palmer*, 62 N. Y. 31. In *Liddle v. Needham*, 39 Mich. 147, there had been no acceptance of the deed by the father, and the court would not imply a promise on his part to pay for the land which had been deeded to his son. The case may be good law, but it certainly does not conflict with the views which we have expressed. Here an undertaking to pay must surely be implied from an acceptance of the conveyance. *Vilas v. Dickinson*, 13 Wis. 488.

But it is further insisted that there could be no recovery for the full amount named as the purchase price, because the money was not all due presently when the sale was made. The money, however, was all due before the action was tried, and the defendant had from the outset refused to execute the notes and mortgage which he agreed to give. Upon the facts, we think the plaintiff was entitled to recover the amount of money which the defendant had agreed to pay; that is to say, the consideration specified in the deed. The measure of damages for the breach of a promise was the amount promised to be paid, and interest. *Tripp v. Bishop*, 56 Pa. St. 424, and cases cited by plaintiff's counsel on his brief. These authorities show that it was not error to exclude proof of the value of the land, because the parties themselves, by agreement, had fixed such value in the deed. Nor was there any error in admitting the evidence as to the contents of the deed which had been lost.

Upon the whole case we think the judgment of the circuit court was correct, and must be affirmed.

*By the Court.*— Judgment affirmed.

See notes to this case in 41 N. W. Rep. 335, 336.— REP.