WALSH v. COLCLOUGH.

(Circuit Court of Appeals, Seventh Circuit. February 17, 1893.)

No. 74.

1. REVIEW ON APPEAL—VARIANCE—WAIVER OF OBJECTION.
   A general objection to evidence is not sufficient to raise on appeal the question of variance between pleading and proof.

2. STATUTE OF FRAUDS—EXECUTED AGREEMENT—LANDLORD AND TENANT.
   When, in pursuance of a voidable parol agreement, a landlord has erected a building for his tenant, and the latter has taken possession and occupied the building, he cannot, when sued for past-due rent accrued under such agreement, defeat the action upon the ground that the agreement was not in writing, since the statute of frauds does not apply to executed agreements.

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

Action by Henry Colclough against Frances A. Walsh for rent. Plaintiff obtained judgment. Defendant brings error. Affirmed.

Statement by BAKER, District Judge:

This is an action at law, brought by the defendant in error against the plaintiff in error to recover rent upon certain lands, and the building erected thereon, situated in the city of Milwaukee, Wis. The pleadings consist of the complaint, answer, and reply. The complaint alleges that on the 7th day of May, 1889, the parties entered into a written contract, a copy of which is made a part of the complaint. This contract is a lease of a parcel of ground, 100 feet front by 196 feet deep, for a term of 10 years, at an annual rental of 9 per cent. upon the value of the land at $100 per front

foot. There were no buildings on the ground, and the defendant in error agreed to erect a building thereon for the use of the plaintiff in error, who promised to pay a rental upon the cost of the building and grounds at the rate of 9 per cent. per annum. The portions of the agreement material to this appeal are as follows:

"And as part of the consideration of this agreement the party of the first part does hereby promise, undertake, and agree to at once commence the erection of a factory building upon said premises, and to complete the same with all possible dispatch, according to the plans and specifications being prepared by James Douglas, an architect of the city of Milwaukee, for the use of the said party of the second part in his business. * * * The building to be erected by the party of the first part shall not exceed in cost the sum of twenty-five thousand dollars, ($25,000,) not including plumbing, gas, and steam heat, and finishing off of offices. * * * The value of said buildings upon which said 9 per cent. is to be paid is to be fixed at the actual cost thereof, and when so determined, a supplemental writing is to be entered into between the parties hereto, stating such value as agreed upon. * * * And the party of the second part may at any time require of the party of the first part to construct additions or additional buildings upon either of said one hundred feet, or said additional ground that may be taken as aforesaid, said addition or building to be erected in a substantial manner, as required by the party of the second part. The rent therefor shall be at 9 per cent. upon the cost of such additional structures, and payable at the time when the other rent is provided for."

The complaint, so far as material to the questions in controversy, alleges that "at the time of making and entering into said agreement, and in contemplation thereof, plans and specifications were being prepared by one James Douglas, an architect of Milwaukee, Wisconsin, for the erection of a three-story and basement factory building, which are the same plans and specifications mentioned in said agreement; that in such plans and specifications provision was made for an ell upon the north end of said building, but at the time said agreement was made and entered into it was not determined by the parties whether such ell should be presently constructed, or whether the construction thereof should be deferred until some time in the future; that according to such original plans and specifications prepared by said Douglas, and mentioned in such agreement, the cost of said factory building would not exceed $20,000, and the cost of said ell would not have exceeded $5,000; that upon the execution of such agreement, and pursuant to the provisions thereof, and at the special instance and request of said defendant, the plaintiff at once commenced to erect upon the land described in the contract a three-story and basement building, and let contracts, and prepared to construct and complete such building in accordance with such plans and specifications; that thereafter the defendant applied to the plaintiff, and requested and insisted that the ell should be presently erected, and that the same should be built adjoining on the south end instead of the north end thereof, as originally contemplated; that the plaintiff objected to such change of plan for the reason that the character of the soil on the south end was such that no proper foundation for such ell could be prepared without a large additional expenditure of money beyond what it would cost to erect said ell on the north end, and because any change would necessitate the destruction of a portion of the wall of the main building already constructed; that plaintiff notified defendant that such change would very substantially increase the cost of such building, and would, therefore, under the contract, impose upon him a much heavier rental: that defendant insisted upon the construction of said ell, and agreed to pay the increased rental necessitated thereby; that thereupon plaintiff consented to construct such ell on the south end of the building, and did so construct the same prior to the 1st day of October, 1889; that the defendant further requested the plaintiff to vary, add to, and change the plans and specifications in many other respects." The complaint specifies in detail the additions and changes requested by the defendant; that the plaintiff objected on account of the increased cost, but the defendant insisted on the additions and changes, and

agreed to pay the increased rental occasioned thereby; that the plaintiff erected said building according to the plans and specifications, with the additions, changes, and modifications agreed upon; that the total cost of the building was $40,755.53, including plumbing, gas, and steam heat, and that the defendant entered into possession of the building on December 1, 1889, and used and occupied the same under the contract of lease, well knowing the cost of said building; that there is now due and owing from the defendant to plaintiff the sum of $3,892.72, being the rent of such building and land from December 1, 1889, to May 1, 1891.

The bill of exceptions does not set out the evidence. So much of the bill as is material to the questions here involved is as follows: "The plaintiff gave proof tending to show that after said contract was executed, and while the said plans were being prepared, divers changes and additions were made at the request of the defendant in and to said building over and above what was agreed upon by the parties in the following particulars: The addition of a fourth story to the building; the construction of living rooms and stable instead of an engine house," etc. "That after the contract was executed, and plans and specifications prepared, further changes were made at the request of the defendant in the construction of said building from that provided in the plans by the changing of the ell upon the south side, as provided in the plans, into a four-story building, as shown upon the additional plans produced in evidence, which were made to show such changes."

The defendant objected to the reception of the evidence tending to show the change between the execution of the contract and the completion of the plans. The objection was overruled, and the defendant excepted.

Turner & Timlin, for plaintiff in error.

Quarles, Hoyt, Spence & Quarles, for defendant in error.

Before GRESHAM and WOODS, Circuit Judges, and BAKER, District Judge.

BAKER, District Judge, (after stating the facts.) This action was brought by landlord against tenant to recover rent for certain demised premises, and the building erected thereon. Numerous errors have been assigned by the plaintiff in error, but only two are insisted on by counsel in argument. These arise upon the rulings of the court in the admission of evidence. It is claimed that the court erred in admitting evidence to show that, after the execution of the contract, the building then contemplated and mentioned therein was changed in various particulars, largely increasing the cost, by verbal agreement of the parties, at the request of the tenant, and upon his promise to pay additional rent upon such increased cost at the rate of 9 per centum per annum, as provided in the contract. It is insisted that this evidence was inadmissible—First, because at variance with the allegations of the complaint; and, second, because the verbal agreement to pay the additional rental based on the increased cost is void under the statute of frauds. Under the Wisconsin Code, which furnishes the rule of decision in this case, no variance between the allegations and the proofs is deemed material unless it actually misleads the adverse party to his prejudice. Railroad Co. v. Shoyer, 7 Wis. 365; Knowlton v. Bowron, Id. 500; Herrick v. Graves, 16 Wis. 157; Harper v. City of Milwaukee, 30 Wis. 365. A careful examination of the complaint and the evidence exhibited in the bill of exceptions satisfies us that there is no material variance be-

tween the allegations and the proofs. Besides, the bill of exceptions does not show that this ground of objection was distinctly made in the court below. The objection that the evidence tends to prove a different cause of action or defense from that alleged in the pleadings must be made specifically. It must be such as to direct the attention of the court to the precise ground of inadmissibility, so that, if the objection had been made, the defect might have been remedied by amendment. Bowman v. Van Kuren, 29 Wis. 209. The objection disclosed by the record, being general, was for this reason rightly overruled.

It is further insisted that the verbal agreement to pay the additional rent based on the increased cost of the building is void, under the statute of frauds, (Rev. St. Wis. § 2304.) The theory on which the case was tried by the court, and upon which its findings are based, is that, as to the building described in the contract, the defendant in error was limited to the amount fixed by the contract, and he could only charge rent therefor based on the limit of $20,000, although the building actually cost about $3,000 in excess of that amount. What the court did allow was the additional rent based on the cost of the additions to the building described in the contract, such additions having been made after the execution of the contract, and pursuant to the verbal agreement of the parties. The defendant in error performed the written contract, and also the verbal agreement thereafter made, by the erection of a building as provided in the written contract, with such additions and changes as had been verbally agreed upon by the parties. When the building had been completed to the satisfaction of the plaintiff in error, he accepted possession of the demised premises and the building erected thereon, and used and enjoyed the same from December 1, 1889, to May 1, 1891. He now contends, when sued for the rent, that the landlord cannot recover the rent upon the increased cost of the building, caused by the additions and changes made at his request and upon his promise to pay the additional rent, although he has accepted and enjoyed the benefit of such increased cost, because the additions and changes were made in pursuance of a verbal agreement. This contention has no foundation either in law or morals. When, in pursuance of a voidable verbal agreement, a landlord has erected a building for a tenant, and at his request, who has taken possession of it, and used and enjoyed it, he cannot, when sued for rent past due, defeat the action upon the ground that the agreement was not in writing. The statute does not apply to such an executed verbal agreement. When the agreement, though required to be in writing, has been executed, and nothing remains to be done except to pay the stipulated consideration, the statute is no defense to an action brought to recover the money which the party is bound by the agreement to pay. Browne, Frauds, §§ 116, 117, and cases cited; Wetherbee v. Potter, 99 Mass. 354; Worden v. Sharp, 56 Ill. 104; King v. Smith, 33 Vt. 22; Remington v. Palmer, 62 N. Y. 31; Brandeis v. Neustadtl, 13 Wis. 142; Niland v. Murphy, 73

Wis. 326, 41 N. W. Rep. 335; Pireaux v. Simon, 79 Wis. 392, 48 N. W. Rep. 674; Koplitz v. Gustavus, 48 Wis. 48, 3 N. W. Rep. 754; Wood, Frauds, 27, note 5. The performance of the verbal agreement, while it remained executory, could not have been enforced by either party against the other; but it has been mutually performed by the parties in every part, except only in the refusal of the tenant, after having enjoyed the demised premises and building, to pay the stipulated rent therefor. This he cannot avoid by interposing the statute of frauds as a defense.

We have concluded, though not required to do so, to examine and decide the questions argued by counsel as though they had been properly saved in the record. Only a general objection to the admissibility of the evidence was made at the trial. The grounds now advanced were not called to the attention of the court below by any objection directing its attention to them. The general rule is that every objection to evidence must, in order to avail the party making it, specify the grounds on which it is made, and, if the evidence is received over a general objection specifying no grounds, its reception cannot be alleged as error in this court, unless it appears that the same was incompetent in the case for any purpose. State v. Norton, 46 Wis. 332, 1 N. W. Rep. 22, and cases there cited; Burton v. Driggs, 20 Wall. 125; Belk v. Meagher, 104 U. S. 279.

The judgment must be affirmed, and it is so ordered.