## JOSEPH SHAW *vs.* LEVI HITCHCOCK.

Hampden. Sept. 28, 1875. — Jan. 4, 1876. AMES & DEVENS, JJ., absent.

A. and B., the owners of adjoining lands, entered into an indenture under seal, whereby either was to have the right to build a party wall one half on the land of each. The indenture also provided that " the adjoining party may at any time use as much of the wall as he may choose for the erection of any building, but before he or they may use any or all of said wall, he shall pay the other party an appraised value of so much of said wall as he shall thus use." At the time the contract was entered into, B. had a building, one story high, on his land, with three sides of brick and the fourth side of wood, resting, by permission, on A.'s land. B. took down the wooden side of his building, and A. built the wall four stories high, leaving spaces for the timbers of B.'s building, and B. adjusted the timbers into these spaces, and so fitted his building and used the party wall, but did not otherwise use it. *Held*, in an action by A. against B. to recover for the value of the wall so used, that B. had not used the wall in the erection of any building, and that the action could not be maintained.

CONTRACT to recover one half the value of a party wall, which it was alleged the defendant had used, and which had been built by the plaintiff under an indenture under seal executed by him and by the defendant on January 17, 1873, the material parts of which are as follows :

" This indenture witnesseth, that the said Shaw and the said Hitchcock, in consideration of one dollar, and in consideration of the benefits to be derived from the mutual agreements and covenants of each hereinafter contained, do hereby covenant and agree each with the other, that either party or their legal repre-

sentatives may build a partition wall on the line between their respective properties on Main Street, in said Springfield, as follows, to wit : Said wall shall be built one half on each side of said line, the whole to be a solid wall with the exception of flues." [Then followed a description of the manner in which the wall should be built.] " Said wall shall extend in height above the main floor in front on Main Street at least forty-five feet, and for a distance back from Main Street at least forty feet, at least the same height, and to be thoroughly capped with stone or metal, and the adjoining party or his legal representatives may at any time use as much of the within described wall, as he or they may choose for the erection of any building, but before he or they may use any or all of said wall, he or they shall first pay the other party or his legal representatives an appraised value of so much of said wall as he or they shall then use." [Then followed a provision in regard to appointing appraisers.]

At the trial in the Superior Court, before *Rockwell*, J., the plaintiff read the contract to the jury, and stated that he should prove that the plaintiff built the wall described in the contract, substantially as therein required, one half upon the land of the plaintiff, and one half upon the land of the defendant, four stories high above Main Street; that the plaintiff and the defendant were adjoining owners of lands upon Main Street, the plaintiff owning the piece of land formerly owned by the North Church ; that the defendant had upon his lot a store at the time the contract was made, which was constructed of brick on three sides, with suitable stone foundations, but upon the side adjoining the plaintiff it was framed of wood, and rested upon the land of the plaintiff, the defendant having leased the right of the church, before the purchase of the land by the plaintiff, to construct said side upon the land of the church ; that being thus situated it was impossible for the plaintiff to build said partition wall and locate it as provided in the contract, without destroying so much of the defendant's building as rested upon the land of the plaintiff and upon the width of one half the location of the partition wall upon land of the defendant; that said side and so much of the building as was necessary to locate the partition wall according to the contract was taken down by the defendant, and the rest of his building was propped and sustained by him during the erection of the

partition wall; that as the wall was erected, spaces were left for the defendant to adjust his building into the partition wall, and the defendant did so adjust his building and entered said wall with his timbers, and so fitted his building as to make and use the partition wall the south side of his building; that the defendant was present during the building of said wall, and made suggestions as to how the same should be built, which were complied with; that the plaintiff asked the defendant to pay him for one half the partition wall as named in said contract, used by the defendant as aforesaid, and the defendant refused to pay the same, or to submit to or have any appraisal; that the building of the defendant was one story high above Main Street at the time the contract was entered into, and the defendant has not made any additions to or alterations in said building except as hereinbefore related.

Upon this statement of the plaintiff's case the defendant asked the judge to rule that the plaintiff could not maintain his action, and the judge so ruled; but by consent of both parties reported the case, before verdict, for the determination of this court. If the ruling of the judge was correct, judgment was to be entered for the defendant; otherwise the case to stand for trial.

*G. M. Stearns,* for the plaintiff. The question is what is meant in the contract by the provision concerning the " use" " of the within described wall" "for the erection of any building." Either party had the right to build the wall one half upon the land of each. Whenever that was done it became, when used, one of the sides of any structure then on the premises or thereafter put on. It constituted, when used, as much a part of the erection of any building upon the premises as it would if a building of three sides had been moved by either party upon the land and affixed to the wall as its fourth side. It was so understood by the defendant, and he made but a temporary side to his store where the wall would be laid. He, before the wall was built, took down the south side of his building, leaving it incomplete as a building and made it into a complete building by using the partition wall as part of the erection. It is the clear intent of the contract that either party may build the wall and the other party shall pay for as much as he uses for the purposes of a building. If the defendant's construction is correct, he can put three more stories

upon the top of his one story, assert that he is not erecting a building, but only enlarging it or raising the roof, and pay nothing, or at least pay nothing for the part included in this controversy, which is the support and chief expense of the whole.

*H. Morris*, for the defendant.

Colt, J. The contract which is relied on to support the plaintiff's claim to recover one half the value of the partition wall, must be interpreted by the actual condition of the property of the parties at the time the agreement was made. They owned adjoining lots. The plaintiff's lot was vacant. The defendant's lot was occupied by a building one story high, which was of brick on all sides except the one next the plaintiff's lot. On that side it was of wood, and rested, by permission, on the plaintiff's land. The plaintiff's purpose was to erect a building on his own land which should be four stories high. In doing this, it would be necessary to remove the wooden side of the defendant's building, so as to make room for the partition wall located one half on each lot. The parties thereupon agreed that either might build the wall, and that the other might at any time use as much of it as he might choose " for the erection of any building," paying to the party erecting the wall the appraised value of so much of it as he shall then use. This is followed by a clause restricting the location of any building to be erected on either lot.

The plain interpretation of the contract is that the defendant incurs no liability to pay for the value of the wall until he makes some use of it in the future erection of some building, or of some addition to the old one. He has erected no building since the contract was made. *Judgment for the defendant.*