REUBEN WARNER and another *vs.* HIRAM ROGERS.

May 26, 1876.

Easement—Purchaser with Notice Bound by his Grantor's Agreement to Pay One-half the Cost of a Party-wall, upon Using It.—In August, 1872, the owner of a lot in St. Paul leased the same to plaintiffs for a term of twenty years, to commence May 1, 1873. The leased lot adjoined, on the west, a lot owned by Brown. On January 28, 1873, plaintiffs, being about to erect a brick store on the leased premises, entered, as parties of the first part, into a sealed agreement with Brown, as party of the second part, which, after reciting the lease, the plaintiffs' intention to erect the store, and Brown's ownership of the lot adjoining, proceeds as follows: "Therefore, in consideration, etc., * * * it is mutually agreed * * * that the centre of the westerly wall of the building so to be erected shall be the dividing line between the aforesaid leasehold premises * * * and the said real estate of the party of the second part; * * * and said wall shall be and remain a party-wall between the parties of the first and second part, their heirs and assigns forever; and it is further mutually agreed that, whenever the party of the second part, his heirs and assigns, shall desire to use said wall, they shall have the right to do so, upon first paying to the parties of the first part, their heirs and assigns, one-half the actual cost thereof; and the parties of the first part agree to leave proper openings in said wall for the support of joists or timbers for the use of the party of the second part. The plaintiffs proceeded to erect the wall, and completed it by June 1, 1873. There was evidence tending to show that they put two windows in the wall, and did not leave the proper number of places for joist. Early in June, 1873, defendant entered into a written contract with Brown for the purchase of his lot, and in August, 1873, Brown conveyed the same to him with full covenants of warranty and seizin. The evidence in the case tended to show that, aside from the effect of the wall itself as notice, the defendant, before he contracted for the lot, received actual and express notice of the arrangement

between Brown and plaintiffs. Shortly after receiving the conveyance from Brown, the defendant erected a brick building upon the lot purchased by him, using the wall built by plaintiffs as the easterly wall thereof. *Held*, that, under the agreement between plaintiffs and Brown, the plaintiffs acquired in Brown's lot a right of support for the westerly half of the westerly wall of their building, and that right is an easement, an incorporeal hereditament, and an interest in the servient estate. As such interest, the agreement by which they acquired it is a "conveyance," by the definition found in Gen. St. c. 40, § 26. As the conveyance contains no express covenant on the part of Brown, his heirs or assigns, to pay for any part of the party-wall, and, under the provisions of Gen. St. c. 40, § 6, no covenant can be implied, the question whether defendant is liable to plaintiffs for one-half of the cost of the wall, upon a covenant running with the land which he purchased of Brown, does not arise in this case.

Same—Evidence of Notice to Purchaser.—The action having been dismissed by the court below, upon the ground that plaintiffs had failed to establish their claim to recover of defendant, it is to be assumed, upon the evidence, that defendant, prior to his purchase, had notice of plaintiffs' easement in the Brown lot, and of plaintiffs' rights in respect to the same, from which it follows that defendant took the Brown lot subject to the easement and to plaintiffs' rights respecting it, among which was the right to insist that, whenever Brown, his heirs or assigns, should desire to use the wall, they should pay plaintiffs, their heirs or assigns, half its actual cost.

Same—When Purchaser has Actually Used Party-wall.—*Held*, further, that defendant, having used the wall, cannot set up plaintiffs' alleged failure to construct it according to the precise terms of the agreement, as respects windows and joist-holes, in bar of plaintiffs' recovery.

This action was brought in the court of common pleas of Ramsey county, and was tried before *Simons*, J., and a jury. At the close of the evidence for plaintiffs the action was dismissed, on defendant's motion. A new trial was refused, and the plaintiffs appealed.

*Geo. L. & Chas. E. Otis* and *Smith & Egan*, for appellants.

*T. R. Huddleston*, for respondent.

BERRY, J. In August, 1872, the owners of a lot in St. Paul leased the same to the plaintiffs for a term of twenty years, to commence May 1, 1873. The leased lot adjoined, on the west, a lot owned by Brown. On January 28, 1873, the plaintiffs, being about to erect a brick store on the

leased premises, entered, as parties of the first part, into a sealed agreement with Brown, as party of the second part, which, after reciting the lease, the plaintiffs' intention to erect the store, and Brown's ownership of the lot adjoining, proceeds as follows, viz. : "Therefore, in consideration of the premises, and of one dollar each to the other paid, it is mutually agreed between the said parties of the first and second part hereto that the centre of the westerly wall of the building so to be erected shall be the dividing line between the aforesaid leasehold premises of the parties of the first part and the said real estate of the party of the second part ; that said wall shall be constructed, and of the dimensions following, viz. : the basement shall be of stone, and not less than twenty-four inches thick, and, above the basement, said wall shall be of brick, and shall not be less than sixteen inches thick for first story, and twelve inches thick above first story, and said wall shall be three stories high above the basement, and which said wall shall be and remain a party-wall between the parties of the first and second part, their heirs and assigns, forever ; and it is further mutually agreed that, whenever the party of the second part, his heirs and assigns, shall desire to use said wall, they shall have the right to do so, upon first paying to the parties of the first part, their heirs and assigns, one-half of the actual cost thereof; and the parties of the first part agree to leave proper openings in said wall, for the support of joists or timbers, for the use of the said party of the second part.   The said wall shall, after it shall become used by both of the said parties, from thenceforth be kept in repair by the parties respectively, at their joint cost and expense, and, in case of destruction by fire or the elements, shall be rebuilt at joint expense of both parties."

The plaintiffs proceeded to erect the wall, and completed the same by June 10, 1873.   The defendant claims that they did not construct the wall in compliance with the

agreement, because (as the evidence tended to show) they put two windows in the wall, and did not leave the proper number of places for joist.

Early in June, 1873, the defendant, Rogers, entered into a written contract with Brown for the purchase of his lot, and, in August, 1873, Brown conveyed the same to him, with full covenants of warranty and seizin. Aside from the effect of the wall itself as notice to Rogers, the evidence in the case tended to show that, before he contracted for the lot, he received actual and express notice of the agreement between Brown and the plaintiffs. Shortly after receiving the conveyance from Brown, Rogers erected a brick building upon the lot purchased by him, using the wall in question as the easterly wall thereof. The question in the case is whether the plaintiffs can recover of Rogers one-half of the cost of the wall.

The agreement between plaintiffs and Brown, "that the centre of the westerly wall of the building * * * to be erected (by plaintiffs) shall be the dividing line" between the leasehold premises and Brown's adjoining lot, must be taken to be an agreement that the centre of the wall should be placed upon such dividing line. This confers upon the plaintiffs the right to erect the westerly half of the wall upon Brown's lot. Taking this in connection with the further provision that the wall, when constructed, "shall be and remain a party-wall between the parties of the first and second part, their heirs and assigns, forever," the evident result is that the plaintiffs acquired in Brown's lot a right of support for the westerly half of the westerly wall of their building—a right which might continue during their term, at least. This right of support is a right to use so much of Brown's lot as is covered by the wall, for the purpose of support. It is, therefore, an easement, which has been defined "to consist of a right in the owner of one parcel of land, by reason of such ownership, to use the land of another for a special purpose, not inconsistent with

a general property in the owner. 1 Washburn R. P. 397 ; 2 Id. 25, 78 ; Washburn on Easements, 2-5 ; Bouvier's Dict., title *Easements*. As an easement, it is an incorporeal hereditament, an interest in the servient estate. 1 Washburn R. P. 398 ; 2 Id. 25 ; Washburn on Easements, 5.

As the easement which the plaintiffs acquired is an interest in real estate, the instrument through which they acquired it—*i. e.*, the agreement with Brown—is, by the express definition found in Gen. St. *c.* 40, § 26, a "conveyance," as the word is used in that chapter. By section 6 of such chapter it is enacted that " no covenant shall be implied in any conveyance or mortgage of real estate, whether such conveyance contains special covenants or not." In this case it will be observed that the agreement mentioned contains no express covenant upon the part of Brown, his heirs or assigns, to pay for any part of the party-wall. As none can be implied, it is at once apparent that the question mainly discussed at bar, viz., whether Rogers was liable to the plaintiffs for one-half the cost of the wall, upon a covenant running with the land which he purchased of Brown, cannot arise in this case.

This action having been dismissed by the court below, upon the ground that the plaintiffs had failed to establish their claim to recover of the defendant, it is to be assumed that the testimony introduced by plaintiffs proved all that it tended to prove. It is, therefore, to be assumed, upon the evidence before mentioned, that the defendant had notice of the plaintiffs' easement in the Brown lot, and of the plaintiffs' rights in respect to the same. From this assumption it would follow that the defendant took the Brown lot subject to the easement and to the plaintiffs' rights respecting it. Among the latter was the right to insist that, whenever Brown, his heirs or assigns, should desire to use the party-wall, they should pay the plaintiffs, their heirs or assigns, one-half part of the actual cost.

This is equivalent to saying that the defendant (an assignee of Brown) was entitled to use the wall only upon condition of paying the plaintiffs half its cost. If he used it, (as is undisputed,) he is to be taken to have elected to use it upon this condition, and to have made himself liable accordingly.

It is argued by the defendant that the plaintiffs cannot recover, because they did not construct the wall according to the agreement with Brown. This has reference to the fact that there were two windows in the wall, and to the failure to leave the proper number of places for joist. It does not appear that any objection was made to the windows. As respects the places for joist, the agreement is " to leave proper openings in said wall for the use of the said party of the second part." It appears that, so far as the stone portion of the wall was concerned, "joist-holes were left," but, for the purpose of making a better wall, filled up with stones that could easily be found and removed. In the brick portion of the wall it appears that no joist-holes were left ; but, as brick could be easily removed, wherever and whenever necessary, we are not able to say that this was not a sufficient compliance with the agreement to leave proper openings. Besides, it does not appear that any objection was made, by defendant, to the want of sufficient joist-holes, until after he had used the wall. And, irrespective of these considerations, we are of opinion that, if the defendant used the wall, he could not set up the plaintiffs' alleged failure to construct it according to the precise terms of the agreement in bar of a recovery. His remedy (if any) in the premises would be by recoupment.

Order reversed.