PIREAUX, Respondent, vs. SIMON, Appellant.

*March 18 — April 9, 1891.*

*Party-wall, contract as to: Evidence: Instructions.*

1. A verbal agreement by S. to pay to P. one half the cost of a party-wall on the line between their adjoining lots, is valid, and not within the statute of frauds, if S. uses such wall after its construction by P. and receives the full benefit thereof.

2. A written contract between P. and G. as owners of adjoining city lots, that P. shall erect a two-story building on his lot with a party-wall twelve inches thick on the line between them, standing six inches on each lot, and that G. shall pay P. a specified sum when he uses such wall, does not govern the rights of S. who purchases G.'s lot after the two-story building of P. has been burnt down, and he has built a one-story building on his lot with a party-wall of the same height; but a new agreement is necessary for that purpose, where S. afterward erects a two-story building on his lot, using such party-wall for his first story.

3. An instruction, in an action by P. against S. on a verbal contract between them as to the use of such party-wall, that S. had no rights under the written agreement by the assignment thereof from G., if erroneous, *held* to be immaterial, since the verbal contract was the only one in the case.

4. The admission in evidence in such action of the plaintiff's testimony as to how he understood the written contract, when talking with defendant about what he ought to have for the use of the wall, having been upon condition that it should afterward appear that the written contract had something to do with the case, if erroneous, was cured by the instruction that the written contract was out of the case.

Pireaux vs. Simon.

5. A verdict cannot be set aside as excessive because of an instruction that the lowest figure given by a witness as to the cost of the wall was a specified sum, which sum the jury adopted as their verdict, though it was not the lowest sum testified to, if there was evidence which would have justified a larger verdict.

APPEAL from the Circuit Court for *Brown* County.

The facts in the case are sufficiently stated in the opinion. The defendant appeals from a judgment against him.

For the appellant there was a brief by *Wigman & Martin,* and oral argument by *J. H. M. Wigman.* Among other things, they contended that the parol contract relating to a party-wall was invalid, as attempting to convey an interest in land, citing numerous cases; and that there had been no such performance as would take it out of the statute of frauds, citing *Noyes v. Chapin,* 6 Wend. 464; *Howard v. Easton,* 7 Johns. 205; *Jackson v. Dysling,* 2 Caines, 198; *Stuyvesant v. Tompkins,* 9 Johns. 61; *Rice v. Peet,* 15 id. 503. The wall was rebuilt by plaintiff under the written contract, otherwise he was a trespasser (*Heartt v. Krueger,* 121 N. Y. 391), and in making it only one story high he had not performed that contract. The defendant, when he bought his lot, acquired with it all the servitudes and easements that ran with the land, one of which was the right to use the wall, with liability to pay therefor when he used it. *Burlook v. Peck,* 2 Duer, 90; *Partridge v. Gilbert,* 15 N. Y. 601; *Hendricks v. Stark,* 37 id. 106; *Brooks v. Curtis,* 50 id. 639; *Brown v. McKee,* 57 id. 684; *Brown v. Pentz,* 1 Abb. Dec. 227; Washburn on Easements, p. 459; *Keteltas v. Penfold,* 4 E. D. Smith, 122; *Weyman's Ex'rs v. Ringold,* 1 Bradf. 52; *Giles v. Dugro,* 1 Duer, 331; *Thomson v. Curtis,* 28 Iowa, 231; *Platt v. Eggleston,* 20 Ohio St. 414.

*Charles E. Vroman,* for the respondent, took the ground that it was immaterial whether the written agreement passed to the defendant or not; the verbal agreement su-

perseded it. *School Dist. v. Hayne*, 46 Wis. 511; *Brown v. Everhard*, 52 id. 205; *Kelly v. Bliss*, 54 id. 187; *Sawyer v. C. & N. W. R. Co.* 22 id. 403; *Oleson v. Flom*, 39 id. 75; *Galloway v. Week*, 54 id. 604; *Swager v. Lehman*, 63 id. 399; *Morawetz v. McGovern*, 68 id. 312.

ORTON, J. The main facts in this case are in substance as follows:

On the 21st day of July, 1873, the plaintiff and one Robert Graner owned adjoining lots in Green Bay. They entered into a written agreement under seal of that date by which it was agreed that the plaintiff should erect a two-story brick building on his lot, with a twelve-inch party-wall, standing six inches on the lot of each, and that the said Graner should pay to the plaintiff the sum of $230.50 when he should use said wall by attaching to it an adjacent building on his lot. The plaintiff built a two-story brick building on his lot the same year, with a party-wall according to said contract. This building stood about five years, and was then burned down. The plaintiff then erected a one-story brick building, with a party-wall, precisely in the place of the one destroyed, while said Graner still owned the adjoining lot. Afterwards, in 1882, the defendant became the owner of the Graner lot, and built a brick building adjoining that of the plaintiff, and connected therewith to the height of that building, and another story above, using the wall of the plaintiff only for one story. Both parties appeared to see the necessity of an independent agreement different from the one written between the plaintiff and Graner, upon which the defendant should build his building, and so connect it with that of the plaintiff.

The plaintiff testified in substance that the defendant, in consideration of so using the wall of the plaintiff, agreed to pay him its present cost; and this is his cause of action

in this case.   The defendant testified in substance that he offered to pay the plaintiff the difference between the said sum of $230.50, named in the written contract, and the cost of his wall above the first story, which was about $150, to be deducted from the $230.50; but that the plaintiff would not accept said offer, and demanded $190 or $193.

It is quite obvious that the written contract was not applicable to these new conditions.   The plaintiff could not justify his placing his one-story building six inches on the land of Graner or of the defendant by the written contract. That only authorized him to build a two-story building six inches on the Graner lot; and when the defendant wished to build there was no two-story building with which he could connect.   It was therefore very proper that a new agreement should be made suited to these changed conditions.   The defendant, as a witness, denied that he made any such agreement as testified to by the plaintiff.   The court instructed the jury, in effect, that the defendant has no rights under the written agreement by an assignment thereof, and that the only contract in the case was the one alleged by the plaintiff.   The last part of this instruction is unquestionably correct, but the first part may have been abstractly erroneous.   It was immaterial to this case what rights the defendant may have in that written contract by assignment or as one running with the land.   That would be an important question in a case involving it.   That written contract by its terms only binds the parties to it.   It is not drawn to the heirs or assigns.   Whether it runs with the land or conveys an interest in the land, or a mere easement, or whether it made the parties tenants in common in the twelve inches, are questions not without difficulty. But that contract is not in the case.   It is contended by the learned counsel of the appellant that the only liability of the defendant to pay the plaintiff anything is by the written agreement, and, if not liable under it by reason of

the plaintiff not having performed it according to its terms, that he might be compelled to perform it, and build his building two stories high. The plaintiff has brought suit on this new verbal agreement, and it is clear enough that if he cannot recover under that he must fail in his action. The written contract is therefore not in the case, and we shall not undertake to decide what the rights of the parties may be under it.

The only questions in the case are whether the parties made the verbal agreement testified to by the plaintiff, and whether it is valid in law. The jury found in favor of the plaintiff, under the instruction of the court that, if they found that such agreement was made, he was entitled to recover. The learned counsel of the appellant contends that such agreement was void, because not in writing. If the defendant had not yet built his building, and so made use of the wall of the plaintiff, an executory agreement like this would unquestionably be void. But, the defendant having built his building, and so made use of the wall built by the plaintiff, and having thus received the full consideration of the agreement, it is not within the statute, and the plaintiff may recover. Both of these questions were decided by this court in a case where there was a similar verbal contract in respect to a party-wall, but where the defendant was not the one who built the building, but a prior owner. In *Rice v. Roberts*, 24 Wis. 461, Chief Justice Dixon says: "If the defendant had continued the owner of the lot, and had himself erected the building and had used the party-wall, no reason is perceived why the plaintiff might not have recovered the price agreed upon for building the defendant's half of it. It would then have been a contract executed on the part of the plaintiff, and so not within the statute." Such an agreement as the plaintiff testified to is an assent or admission by the defendant that the plaintiff had the right to build the wall as a party-wall, and a ratification of

it.  " If the owner of one of two contiguous lots may erect
the dividing wall between them, and place the same one-
half on each parcel, and if the adjacent owner then build
upon his lot against this wall, he will be bound to pay half
the expense of such wall." *Bertram v. Curtis*, 31 Iowa, 46;
*Sullivan v. Graffort*, 35 Iowa, 531; *Platt v. Eggleston*, 20
Ohio St. 414; *Richardson v. Tobey*, 121 Mass. 457; *Green-
wald v. Kappes*, 31 Ind. 216; *Shaw v. Hitchcock*, 119 Mass.
254; Washb. Easem. 613–620.  It must be borne in mind
that in such a case the defendant has not only made use of
the wall on his own land, but that on plaintiff's land also,
which in itself would be an executed consideration for his
agreement.   The defendant might have refused to recog-
nize any right in the plaintiff to build that one-story wall
six inches on his land, and stood upon his rights as grantee
of the whole lot.   But he did not do this, but admitted the
plaintiff's right to build such a party-wall, and acquiesced
in such right by his agreement. It is not a question whether
the plaintiff has obtained a permanent easement in the six
inches of the defendant's lot, but whether the defendant
has not availed himself of the party-wall already built by
the plaintiff, and agreed to pay for it.   A parol contract to
build a party-wall may be void by the statute of frauds;
but when such a contract has been fully executed and per-
formed it is no longer within the statute as between the
parties who have already received its benefits.  *McClellan
v. Sanford*, 26 Wis. 595; *Rice v. Roberts*, 24 Wis. 461; *Ni-
land v. Murphy*, 73 Wis. 326.  There can be no question
but that the promise of the defendant to pay one half the
cost of the one-story party-wall was founded upon a fully
executed consideration, the benefits of which he had re-
ceived by appropriating such wall to his own use.   What
has been already said disposes of all the exceptions to the
instructions of the court, except that in relation to the as-
signability of the written contract to the defendant, and
that was simply immaterial.

The only exception to evidence is to the question put to the plaintiff as a witness, as to how he understood the written contract when he was talking to the defendant about what he ought to have for the use of the wall. This evidence was admitted conditionally, to depend upon whether it might appear thereafter that the written contract had anything to do with the case. The objection was that the testimony was immaterial; and so it was, as finally determined. The court, in instructing the jury that the written contract was out of the case, cured any possible harm the testimony could have done the defendant, for that was also excluded.

The objection that the verdict is excessive is not sustained. There was testimony that justified the verdict as to the present cost of the wall, and even a larger verdict. The court instructed the jury that the lowest figures given by any of the witnesses as to its cost were the sum of $194.55 (the amount of the verdict, less the interest), and that instruction was excepted to. It appears that the witness Victor Lambor testified that on the basis of his figures the whole cost of the wall would be $389.10, one half of which would be $194.55. Whether these were the lowest figures given by any of the witnesses is immaterial. This testimony warranted the verdict, and that is sufficient. This is an interesting case, and was very ably submitted by the learned counsel on both sides. We find no error that ought to reverse the judgment.

*By the Court.* — The judgment of the circuit court is affirmed.