128  569,
134  361

C F. HOWELL, Appellant, v. H. Goss, Appellee.

**Party walls:** ENLARGING AND REBUILDING: DUTIES AND RIGHTS OF 1 JOINT OWNERS. Where only one joint owner of a party wall desires to add to the height of his building, and to do this it is necessary to rebuild and enlarge the existing wall, he is required to do so at his own expense, and his joint owner may use the new wall to the same extent as the old; but, if the other joint owner subsequently desires to use the added part of the new wall in common, he must pay his fair proportion of the appraised cost of raising and repairing the same. Statutes construed.

**Estoppel:** BURDEN OF PROOF. The burden of proof is upon the one 2 claiming an estoppel.

**Party walls:** RIGHTS OF ADJOINING OWNERS: NOTICE. A wall standing on the boundary line between adjoining lots is in itself 3 sufficient to put all parties on inquiry as to the rights of the

respective lot owners, and neither is required to notify the grantees of the other that he claims an interest in the wall.

*Appeal from Appanoose District Court.*— Hon. M. A. Roberts, Judge.

Thursday, October 19, 1905.

Suit in equity to quiet plaintiff's title to a strip of land, and to one-half of a brick and stone wall standing thereon, on the theory that the wall is a party one. The trial court denied the relief asked, and plaintiff appeals.— *Affirmed.*

*Howell & Elgin,* for appellant.

*Fee & Fee,* for appellee.

Deemer, J.— I. Plaintiff and defendant are owners of adjoining business lots in the city of Centerville. At a time when one Breazeal owned the lot which now belongs to plaintiff, he, Breazeal, and defendant owned a party wall between them, one-half of which rested upon the lot of each owner. This wall was 23 feet high, and 12 inches thick, for a distance of 19 feet from the north end of the lots; and from that point south 79 feet, 9 inches thick, and 12 feet 8 inches high. Desiring to enlarge and rebuild this building, defendant Goss found that the old party wall was insufficient for his purpose, and he thereupon, under some sort of an arrangement to which we shall presently refer, tore down the old party wall and erected a new, higher, wider, and deeper one in its place. Plaintiff claims a right to the new wall as a party one; while defendant contends that plaintiff must pay his proportion of the value of the cost of the new one before he is entitled to have his title absolutely quieted thereto.

Plaintiff's chief reliance is upon a claimed estoppel, growing out of certain alleged statements made by defendant

to one Swearingen, one of plaintiff's grantors. There is a sharp conflict in the testimony on this proposition, and as the burden is upon plaintiff to establish the estoppel, we are constrained to hold that he has failed on this issue.

2. ESTOPPEL: burden of proof.

Again it is contended that defendant was under obligation to notify the grantees of Breazeal, mediate and immediate, of his claim to the wall. This is not correct. No one was claiming in hostility to him, and the wall itself, standing as it did, was sufficient notice to put all upon inquiry as to his rights thereto.

3. PARTY WALLS: rights of adjoining owners; notice.

Further, it is argued that the statute of limitations has barred defendant's claim to the wall. The new wall was built, as we understand it, in the year 1900, and it is manifest that defendant's rights, whatever they may be, are not barred. But if wrong as to the time when the new wall was built, the statute has not barred defendant's claim, for reasons which will hereafter appear.

II.   Plaintiff strenuously insists that, under the party wall statutes as applied to the peculiar facts presented by this record, he is entitled to a decree recognizing his right to use part of the wall as one in common, without paying any part of the expense of construction or reconstruction.

1. PARTY WALLS: enlarging and rebuilding; duties and rights of joint owners.

Testimony was introduced tending to show that Breazeal consented to the destruction of the old wall, and the consequential injuries resulting therefrom, in consideration of defendant's promise that he, Breazeal, should be entitled to use the same part or proportion of the new wall that he had theretofore used of the old; while, on the other hand, defendant contends that the old wall was sadly in need of repair; that he requested Breazeal to join with him in erecting a new one; that Breazeal refused to do so, claiming that he was financially unable to incur the expense; and that he, defendant, then proposed to erect the new wall at his own

expense, Breazeal, to pay his proportion of the expense thereof whenever he should see fit to use it.

The statutes material to our inquiry read as follows: Section 2994 recognizes the right of either owner of contiguous lots to build, if there be no wall on the line between them, a party wall of brick or stone, and to rest one-half thereof upon the adjoining lot, provided the wall is not more than 18 inches in thickness; and in such cases the adjoining owner is not compelled to pay for any part of the expense of the wall until he seeks to use it.

Section 2996 provides among other things " that every separating wall between buildings shall, as high as the upper part of the first story, be presumed to be a wall in common, if there be no title, proof or mark to the contrary."

Section 2997 provides that the repair and rebuilding of walls in common are to be made at the expense of all who have a right to them, and in proportion to the interest of each therein; but every proprietor of a wall in common may be exonerated from contributing to the same by giving up his right in common, if no building belonging to him is actually supported by such wall.

Section 2999 in substance provides that every co-proprietor may increase the height of a wall in common, at his sole expense, and that he shall repair and keep in repair that part of the same above the part held in common. " If the wall so held in common cannot support the wall to be raised upon it, one who wishes to have it made higher must rebuild it anew and at his own expense; and the additional thickness must be placed entirely upon his own land. . . . The person who did not contribute to the heightening of a wall held in common may cause the raised part to become common by paying one-half of the appraised value of raising it, and half the value of the ground occupied by the additional thickness, if any ground is so occupied."

Section 3000 provides that every proprietor adjoining a wall has the right to make it a wall in common in whole

or in part, by paying to the owner one-half the value thereof.

Section 3003 provides in substance that the previous sections quoted " shall not prevent adjoining proprietors from entering into special agreements about walls on lines between them; but that no evidence thereof shall be competent unless it be in writing and signed by the parties."

As there was no written contract between the parties to this suit, or any of their predecessors in interest, the action must be determined according to the rules announced in these statutes.    But this statute last referred to does not prevent the introduction of parol evidence in order to determine the applicability of the prior statutes.    That is to say, we must determine from oral testimony:    first, was this a party wall?    second, was the wall rebuilt or repaired so as to bring the case within the provisions of section 2997?    And if not, third, was there an increase in the height of the wall so as to bring it within the provisions of section 2999, heretofore quoted.    Parol evidence must of necessity be admissible in order to settle these questions.

Without the aid of any testimony the wall as it now exists is presumptively a wall in common; but testimony is admissible to show that it is not of that character.    This testimony shows that the wall as it now stands was built by defendant at his own expense, save as he used some of the material from the old wall.    If what defendant did was by way of repairs or if he rebuilt the wall by reason of its defective character, then the case is brought within the terms of section 2997.    But if, on the other hand, he merely increased the height of the wall and in effect used the old wall for that purpose, then the case falls within section 2999 of the Code.    We have thus separated the fact from the legal questions involved, to the end that the case may be the better understood.

Reduced to its last analysis the pivotal question is, was the wall repaired or rebuilt by reason of its defective con-

dition, or was the purpose in view an increase in the height of defendant's building and the old wall?

From a careful consideration of the testimony we are constrained to hold that, while the old wall was in a very defective condition, and needed repair, defendant's primary purpose in tearing it down and rebuilding was to furnish support for a wall which was to be raised to support a new two-story building. We are also led to believe that, because of the condition of the old wall, it was necessary to tear it down and rebuild in order to increase its height. So that section 2997 does not apply to the case. It is to be ruled by section 2999 of the Code, relating to the rebuilding and heightening of party walls.

Defendant Goss had the right to increase the height of the wall at his own expense; and in so doing had the right to rebuild the old party wall anew and at his own expense. So long as his neighbor used no more of the reconstructed wall than he did of the old one, he was under no obligation to contribute to the expense of the improvement. But the statute says that when he wishes the raised part to become a wall in common, he must pay one-half the appraised value of raising it, and one-half the value of the ground occupied by the additional thickness of the wall. This statute evi-dently contemplates the rebuilding of an old wall, as part of the expense of raising it, which must be paid for in the first instance by the party making the improvement; and so long as his neighbor uses no more of the new wall than he did of the old, he is under no obligation to contribute anything. But as soon as he desires to advantage himself of the new wall by carrying his building further up, he must pay his proportion of " the appraised value of raising it." This, as we have seen, includes in this case the expense of rebuilding the old wall of sufficient thickness and strength to carry the added height.

This construction fulfills the letter of the statute and comports with its spirit. It is fair and equitable to all par-

ties and is in line with the objects and purposes of the act. The owner of the partition wall who did not contribute to the expense of raising and strengthening it may use the new wall as he did the old, without additional expense; but, as soon as he seeks to advantage himself of the new wall by using the added part in common, he should pay his fair proportion of the value thereof, to be ascertained as provided by statute.

In estimating this expense the party wishing to avail himself of the new wall will undoubtedly have credit for any of the old material which may have been used in the new wall, and he is under no obligation to contribute to the expense of the new wall until he derives an adequate return, to-wit, the use of a new wall which will support a much larger structure than the old one. We desire to emphasize the thought that the statute expressly recognizes the rebuilding of an old wall in increasing the height of an old one. That it was necessary to do so in this case there is no shadow of doubt.

Plaintiff was fully protected in his right to use the new wall to the same extent that he did the old one, but his prayer for a decree quieting title to the new wall without paying any of the expenses of reconstruction and of heightening it, which would give him the right to use it as he would, was properly denied.

The decree of the trial court was right, and it is *affirmed*.