O. C. HANSON AND OTHERS, COPARTNERS AS O. C. HANSON
& SONS v. CHARLES L. BEAULIEU AND OTHERS.
M. R. MITTON, FORMERLY M. R. PALMER, APPELLANT.[1]

February 6, 1920.

No. 21,666.

**Party-wall agreement — notice to vendee — injunction granted.**

The owners of adjoining lots made an oral agreement that the one who contemplated building on his lot might place one 12-inch stone and brick wall of the building with its center line on the division line between the two lots; that the builder should own the whole wall until the nonbuilder paid one-half of the cost of its construction; that upon such payment being made he should be entitled to join any building he might erect to the wall and it should become a party-wall. The wall was constructed as agreed; the nonbuilder conveyed without paying one-half of the cost and without erecting any structure upon his lot; one claiming through him undertook to erect a building and sink holes

[1] Reported in 176 N. W. 178.

for joists in the wall without making payment. In this action to enjoin him it is *held*:

(1) The builder having fully performed acquired property rights in the wall that equity protects, although the agreement came within the statute of frauds.

(2) The showing is sufficient that appellant had knowledge of the agreement when accepting the conveyance, and the wall itself was notice to put the buyer upon inquiry as to the occupant's rights.

(3) The injury or trespass threatened by appellant was of a permanent nature to respondents' property rights and the temporary injunction was properly allowed.

(4) In such case the injury may be considered irreparable.

Action in the district court for Traverse county to restrain defendants from trespassing upon plaintiff's property or using their brick wall. From an order, Flaherty, J., granting a temporary injunction, defendant M. R. Mitton appealed. Affirmed.

*Charles E. Houston,* for appellant.

*Murphy & Anderson* and *James B. Ormond,* for respondents.

HOLT, J.

Plaintiffs owned lots 3 and 4 in block 13 of the original townsite of Browns Valley, and Charles L. Beaulieu owned lot 5 adjoining, when an oral agreement was made between them, under which plaintiffs were to construct a brick building on their lots, placing the west wall of the building six inches over the east line of lot 5 the full length of 90 feet, and were to be the sole owners of the wall, until they were paid one-half of the cost of constructing it, upon payment of which sum the owner of lot 5 should be entitled to make said wall a party-wall to any building that he might erect thereon. Plaintiffs constructed the building, placing the east wall thereof substantially as agreed. One-half of the cost of construction of the wall was $575, no part of which has been paid. Thereafter Beaulieu conveyed lot 5 to one Bailey, and the latter conveyed to appellant, the defendant M. R. Mitton. Plaintiffs bring the action to enjoin defendants from joining to and making the wall one of the supporting walls of the building they are now starting to erect on lot 5. On motion an order for a temporary injunction issued, and defendant M. R. Mitton appeals.

Beaulieu, W. B. Mitton, appellant's husband, George H. Bailey, A. W. Mitton, M. R. Mitton, formerly M. R. Palmer, and George Novotny, who is the contractor for the erection of the building on lot 5, are defendants, but the appeal is by M. R. Mitton alone. It must be taken as a fact on this appeal that the wall was erected by plaintiffs pursuant to the oral agreement mentioned, and which was set out by Beaulieu in his affidavit in support of the application for the temporary injunction. The question then is, Was there an abuse of discretion in granting the order?

Appellant contends that the action of the court was not justified, because the agreement upon which plaintiffs rely was within the statute of frauds; she had no actual notice of its existence, and constructive notice is not sufficient to bind her; plaintiffs have an adequate remedy at law, and the injury threatened is not irreparable.

The oral agreement had been fully executed by plaintiffs, and under it they were in possession of the wall as owners. Such being the case, equity will recognize and give adequate protection to rights acquired under the agreement despite the statute of frauds. Walker v. Schackelford, 49 Ark. 503, 5 S. W. 887, 4 Am. St. 61; Rawson v. Bell, 46 Ga. 19; Rindge v. Baker, 57 N. Y. 209, 15 Am. Rep. 475; Rice v. Roberts, 24 Wis. 461, 1 Am. Rep. 195; Pireaux v. Simon, 79 Wis. 392, 48 N. W. 674.

Much is made of the fact that the affidavits do not satisfactorily establish that appellant had actual knowledge of the party-wall agreement when she received her deed. The showing on plaintiffs' behalf was that the agreement was made as above stated; that subsequently Beaulieu sold lot 5 to W. B. Mitton, appellant's intended husband; that Beaulieu fully informed him of the agreement with plaintiff, and that, for purposes of his own, W. B. Mitton caused the conveyance to be made to George H. Bailey, who deeded to Mitton's intended wife, this appellant. Respondents contend that this constituted sufficient proof from which the court on the application for a temporary injunction could find that appellant had actual notice of plaintiffs' rights. Bailey, the conduit of title, makes no affidavit. The inference may be drawn that W. B. Mitton was the agent for appellant from the time he negotiated for the purchase of the lot until title finally vested in her; if so, she was charged with his knowledge of the agreement.

We are also inclined to the view that there was here such actual pos-

session by plaintiffs of the wall that appellant must be charged with notice. It is not a case where a party buys a lot, upon which exists a building having a sidewalk in common with an adjoining building. There, the only notice conveyed would be that there is a party wall with the ordinary rights and obligations of adjoining owners. But here, the lot, except the portion occupied by plaintiff's wall, was vacant when appellant received her deed. She was bound to observe this wall and its encroachment upon lot 5. That notice may be inferred from such occupation is intimated in Warner v. Rogers, 23 Minn. 34, where it is said: "Aside from the effect of the wall itself as notice to Rogers, the evidence in the case tended to show," etc. And, generally, occupation or possession of land gives notice of the occupier's or possessor's right therein. A party wall standing "upon a lot at the time of its purchase constitutes an apparent sign of servitude and is sufficient of itself to put a purchaser upon inquiry as to what is the nature of such servitude." McChesney v. Davis, 86 Ill. App. 380; Ingals v. Plamondon, 75 Ill. 118; Howell v. Goss, 128 Iowa, 569, 105 N. W. 61. There are cases to the contrary, Hawkes v. Hoffman, 56 Wash. 120, 105 Pac. 156, 24 L.R.A.(N.S.) 1038; Scottish-Am. Mort. Co. v. Russell, 20 S. Dak. 42, 104 N. W. 607, but we think they are not in line with the general rule as to the effect of occupation as notice.

It is said there is an adequate remedy at law. Plaintiffs cannot sue Beaulieu, for he sold his lot without attempting to avail himself of the agreement. But assuming, without so deciding, that an action at law would lie if appellant makes use of the wall, still it seems to us that, payment being a condition precedent to her right to make such use, plaintiffs may invoke equity to prevent interference with the wall until payment is made. Under the agreement claimed by plaintiffs, the whole wall belonged to them until the owner of lot 5 saw fit to pay for one-half of its cost. National Life Ins. Co. v. Lee, 75 Minn. 157, 77 N. W. 794; Mickel v. York, 175 Ill. 62, 51 N. E. 848. In such cases it was held in First Nat. Bank of Fergus Falls v. Security Bank of Minn. 61 Minn. 25, 63 N. W. 264, that, even though a nonbuilder of the wall had joined a building to it, without making the agreed payment and thereafter had conveyed the premises, an equitable action could be maintained for a lien thereon to secure the amount stipulated in the agreement for the wall

between the then owners of the lots. Moreover, on the theeory that plaintiffs owned the whole wall, an attempt to cut holes therein, for the insertion of timbers to remain permanently, would be a continuing trespass or permanent encroachment which might properly be enjoined. Miller v. McClelland, —— Iowa —— 173 N. W. 910; Hileman v. Hoyt, 23 Pa. Co. Ct. 533; Mason's Appeal, 70 Pa. 26.

When the trespass or encroachment upon real property is of a permanent nature, injunction is the proper remedy; the injury may then be held irreparable. This wall must be considered real property, plaintiffs possessing an easement in that part of appellant's lot upon which it stands. Warner v. Rogers, supra; Mackey v. Harmon, 34 Minn. 168, 24 N. W. 702.

Our conclusion is that the action is one wherein an injunction might issue and that the court did not abuse judicial discretion in granting the temporary injunction.

Order affirmed.