CHARLES RAMY v. ADOLPH G. LIEDLOFF AND OTHERS.[1]

February 19, 1932.

No. 28,799.

*Hiram S. Goff,* for appellant.

*C. O. Dailey,* for respondents.

[1]Reported in 241 N. W. 64.

Olsen, J.

Plaintiff appeals from a judgment in favor of the defendants.

Plaintiff and defendants own adjoining lots or tracts in the city of Mankato in this state. Each of the two lots has a frontage of 22 feet on a main street of the city and extends back about 157 feet to an alley. There is a building on each lot. The two buildings use in common a brick wall on the line between the two lots. This wall is about 12 inches wide and extends about six inches onto each lot. The front 40 feet of the building on defendants' lot was constructed in 1872 by one Koerdell, the then owner of the lot. The lot now owned by plaintiff was then owned by one Lang. Each lot has since been transferred a number of times. The exact time when Lang constructed the building on the front part of his lot is not shown. That he was about to construct such a building in 1872 appears, and it may be inferred that he built it in 1872 or shortly thereafter. Defendants' father became the owner of the lot now owned by them about 1884. In 1885 he extended the building on his lot 26 feet back, so that it then covered the front 66 feet of his lot. How far back the building on plaintiff's lot extended at that time does not appear. In 1905 the then owner of plaintiff's lot extended the building thereon, two stories in height, some 83 feet, back to the alley, and in so doing extended the common wall on the line between the two lots, hereinbefore described, to that extent. The defendants became the owners of their lot by inheritance from their father after his death in September, 1885. Plaintiff became the owner of his lot December 30, 1920.

In 1929 defendants extended the building on their lot, one story in height, a distance of 60 feet toward the alley. In so doing they made use of the common wall erected on the line between the two lots in 1905, to the extent that said wall was built on the lot owned by them and to the height of their one-story building. The record is silent as to anything being said or done in reference to the parts of the wall built in 1885 or 1905, at the time such parts were built.

Plaintiff introduced in evidence the record of a contract, in the form of a lease, entered into between Koerdell and Lang on Septem-

ber 21, 1872, and recorded in the office of the register of deeds on September 28, 1872. The instrument reads as follows:

"This indenture made this 21st day of Sept. A. D. 1872 by and between Theresa Koerdell and Otto Koerdell her husband of Mankato, Minn. party of the first part and Nicholas Lang of the same place party of the second part.

"Witnesseth, That the said party of the first part do for and in consideration of the sum of $150.00 to them in hand paid by said party of the second part before the ensealment of these parts, the receipt whereof is hereby acknowledged, hereby lease, demise and let unto the said party of the second part the following described premises, to-wit:

"Beginning in the line that divides Block 6 from Front Street of Mankato, Minn., according to the plat by S. C. Folsom made in 1852 and duly recorded in the office of the Register of Deeds of Blue Earth County, Minnesota, at a point 22 feet North of the point in said line where Lot 4 & 5 of said Block 6 join, thence running in westerly direction parallel with the dividing line of said Lot 4 & 5 to rear of said Lot 4, thence in a northerly direction 2 feet on the rear line of said Lot 4, then in an Easterly direction parallel to said dividing line of Lot 4 & 5 to a point forty (40) feet from the dividing line and Street first mentioned, thence in Southerly direction one foot parallel with said Street; thence Easterly 40 feet to said Street and the line first mentioned; thence in a Southerly direction one foot to place of beginning;

"Whereas, the parties of the first part are at this date erecting as a part of a brick building a wall upon the first 40 feet of the above described premises adjoining said Front Street, and whereas the said Nicholas Lang as owner of the premises immediately south of the above described premises is about to erect a brick building thereon,

"Now therefore, in connection with the lease of the said 40 ft. of the above described premises next adjoining Front Street the said parties of the first part hereby sell to the said party of the second part one-half of the wall erected and to be erected on and

by the side of said leased 40 ft. The purpose of this lease is to permit said Lang to extend said 40 ft. of wall of the parties of the first part back such a distance as he may deem necessary in the construction of his said building.

"It is hereby agreed between the parties herein that should the parties of the first part at any time hereafter desire to extend the length of their building back beyond the 40 ft. the present plan of its construction said Lang or his legal representatives shall sell to them one-half of the width of the wall he shall construct, and the wall said Lang constructs shall be a continuation of the 40 ft. of wall constructed by said parties of the first part and shall be constructed of the same thickness and upon the same plan as the wall of which it is the continuation, in the erection of said building, upon the premises above described and leased; and so much of the length thereof as the first parties may need according to their plan of extension, and the price for the same shall be one half of the prime cost of so much of the wall as they may desire to use, and it is further agreed between the said parties that only so much of the above described premises shall pass by this lease as shall be used by said Lang for the foundation of said walls. This lease shall continue in full force and effect for such length of time as said buildings of which said walls form a part may remain standing.

"Otto J. Koerdell   (Seal)<br>
"Theresa Koerdell   (Seal)<br>
"Nicholas Lang    (Seal)"

Based on this instrument, plaintiff seeks to recover from defendants one-half of the cost of constructing 60 feet in length of the common wall built by his predecessor in title in 1905 and partly made use of by defendants on their own lot in 1929. Neither the plaintiff nor the defendants had any knowledge of the existence of the instrument quoted until it was discovered by plaintiff's attorney shortly before this action was commenced. The agreement was not referred to in plaintiff's deed or, so far as appears, in any of the conveyances. It appears to have laid dormant for over 40 years. Plaintiff's theory is that it is a party wall agreement and passed

with the conveyances of his lot through the several intervening owners, and that under its terms he is entitled to recover.

The court found:

"The court is unable to find said writing a party wall agreement. It was a personal agreement, between said Nicholas Lang and Theresa Koerdell and Otto Koerdell, and did not purport to be binding on the heirs and assigns of the respective parties."

The court concluded that plaintiff was not entitled to recover and ordered judgment in defendants' favor for their costs and disbursements.

If the court was right in holding that this instrument was not a party wall agreement but was a personal agreement between the parties thereto and not binding upon the heirs and assigns of the parties, then that ends the case. The instrument speaks as a personal agreement. It speaks of the building and wall 40 feet in length then being erected by Koerdell and of a building and wall then about to be erected by Lang. It sells to Lang a half interest in the 40 feet of wall then being erected by Koerdell. It says that the purpose of the lease is to permit Lang to extend the 40-foot wall back such distance as he may deem necessary in the construction of "said building," referring clearly only to the building which Lang was then about to construct. It further states: "It is further agreed between the said parties that only so much of the above described premises shall pass by this lease as shall be used by said Lang for the foundation of said walls"; here again clearly referring back to the building to be built by Lang. It does not speak of any other wall. The fact that the wall then being constructed by Koerdell, or about to be constructed by Lang in 1872, may well be held a party wall does not determine that some other wall thereafter erected by a remote grantee of one of the parties is a party wall. The instrument quite clearly shows that the wall intended to be governed by the instrument was such wall as should then be constructed by the parties. No other wall was then contemplated or mentioned in the instrument.

The court correctly construed the contract as not applying to a wall built some 33 years later by a remote grantee of the title to one of the lots.

Cases involving party walls and covenants running with the land have been cited. Pillsbury v. Morris, 54 Minn. 492, 56 N. W. 170, and Hanson v. Beaulieu, 145 Minn. 119, 176 N. W. 178, 179, have so many facts different from our present case that they cannot be held controlling.

The statement quoted from Hanson v. Beaulieu, 145 Minn. 119, 122, 176 N. W. 178, that "a party wall standing 'upon a lot at the time of its purchase constitutes an apparent sign of servitude and is sufficient of itself to put a purchaser· upon inquiry as to what is the nature of such servitude,'" is a correct statement of the law and consistent with the trial court's holding in our present case. The servitude there referred to is the servitude resting on the purchaser's lot. If considered as implied notice, such fact would be notice that the existing wall was one which each of the owners of the adjoining lots had a right properly to use.

Judgment affirmed.